Judy TOOKE and Everett Tooke d/b/a Tooke & Sons and d/b/a Nature's Way Organic Landscaping, Petitioners,

v.

CITY OF MEXIA, Respondent.

No. 03–0878.

Supreme Court of Texas.

Argued April 21, 2004.

Decided June 30, 2006.

Rehearing Denied Aug. 18, 2006.

Brian L. Gibson, Gibson & Associates, P.L.L.C., Groesbeck, Robert Manning Clemons, for petitioner.

Charles Buenger, Kathleen French Dow, Buenger & Associates, Waco, Greg Abbott, Atty. Gen., Barry Ross McBee, Edward D. Burbach, Rafael Edward Cruz, Office of Atty. Gen., Austin, for respondent.

Bill Boyd, Boyd Veigel, P.C., McKinney, Kristofer S. Monson, Asst. Solicitor Gen., Craig T. Enoch, Winstead Sechrest & Minick, P.C., B. Craig Deats, Deats Durst Owen & Levy, P.L.L.C., Austin, Barbara E. Rosenberg, James B. Pinson, Asst. City Attys., Madeleine B. Johnson, City Atty., P. Michael Jung, Strasburger & Price, L.L.P., Dallas, Eric Weisberg, Weisberg Law Firm, Denison, for amicus curiae.

Justice HECHT delivered the opinion of the Court, in which Chief Justice JEFFERSON, Justice WAINWRIGHT, Justice BRISTER, Justice MEDINA, and Justice GREEN joined.

Scores of Texas statutes provide, variously, that individuals and entities, public and private, may "sue and (or) be sued", "(im)plead and (or) be impleaded", "be impleaded", "prosecute and defend", "defend or be defended", "answer and be answered", "complain and (or) defend", or some combination of these phrases, in court.[1] The phrases are also used in municipal charters and ordinances and in corporate articles and bylaws. Read in context, they sometimes waive governmental immunity from suit, sometimes do not, and sometimes have nothing whatever to do with immunity, referring instead to the capacity to sue and be sued or the manner in which suit can be had (for example, by service on specified persons). Because im-

1. See Appendix A for a partial listing.

munity is waived only by clear and unambiguous language,[2] and because the import of these phrases cannot be ascertained apart from the context in which they occur, we hold that they do not, in and of themselves, waive immunity from suit.

This case involves a suit against a city for breach of contract. The trial court rendered judgment on a verdict for the plaintiffs, but the court of appeals reversed,[3] holding that the contract covered a governmental function of the city over which it was immune from suit, and that immunity was not waived by section 51.075 of the Local Government Code, which provides simply that a home-rule municipality[4] "may plead and be impleaded in any court."[5] We agree with the court of appeals.

While this case has been pending, the Legislature has enacted a limited waiver of the immunity municipalities and certain other governmental entities have from suit for breach of contract.[6] Although the waiver is partially retroactive and would therefore reach the claim in this case,[7] the consequential damages awarded the plaintiffs are not allowed by the statute. Accordingly, we conclude that recovery in this case is barred and therefore affirm the judgment of the court of appeals.

## I

After competitive bids, the City of Mexia, a home-rule city, awarded a contract to J.E. Tooke & Sons, a sole proprietorship owned by Judy Tooke and her husband, Everett, to furnish the labor and equipment for collecting brush and leaves curbside within the city. The contract stated that its term was "for a three year

2. *See* TEX. GOV'T CODE § 311.034 ("In order to preserve the legislature's interest in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language."); *City of LaPorte v. Barfield*, 898 S.W.2d 288, 291 (Tex.1995) (" 'It is a well-established rule that for the Legislature to waive the State's sovereign immunity, it must do so by clear and unambiguous language.' *Duhart v. State*, 610 S.W.2d 740, 742 (Tex.1980); *accord Welch v. State*, 148 S.W.2d 876, 879 (Tex.Civ.App.—Dallas 1941, writ ref'd); *Texas Prison Bd. v. Cabeen*, 159 S.W.2d 523, 527–528 (Tex.Civ.App.—Beaumont 1942, writ ref'd). The same rule applies, of course, to the waiver of immunity for other governmental entities."); *see also United States v. Williams*, 514 U.S. 527, 531, 115 S.Ct. 1611, 131 L.Ed.2d 608 (1995) (stating that in determining whether sovereign immunity has been waived, "[o]ur task is to discern the 'unequivocally expressed' intent of Congress, construing ambiguities in favor of immunity.").

3. 115 S.W.3d 618 (Tex.App.—Waco 2003).

4. *See* TEX. LOC. GOV'T CODE § 5.004 ("A municipality is a home-rule municipality if it operates under a municipal charter that has

been adopted or amended as authorized by Article XI, Section 5, of the Texas Constitution.").

5. *Id.* § 51.075.

6. Act of May 23, 2005, 79th Leg., R.S., ch. 604, § 1, 2005 Tex. Gen. Laws 1548 (codified at TEX. LOC. GOV'T CODE §§ 271.151–.160).

7. Act of May 23, 2005, 79th Leg., R.S., ch. 604, § 2, 2005 Tex. Gen. Laws 1548, 1549 ("Sections 271.152 ['Waiver of Immunity to Suit for Certain Claims'], 271.153 ['Limitations of Adjudication Awards'], and 271.154 ['Contractual Adjudication Procedures Enforceable'], Local Government Code, as added by this Act, apply to a claim that arises under a contract executed before the effective date of this Act only if sovereign immunity has not been waived with respect to the claim before the effective date of this Act. A claim that arises under a contract executed before the effective date of this Act and with respect to which sovereign immunity has been waived is governed by the law in effect on the date the contract was executed, and the former law is continued in effect for that purpose.").

period beginning November 1, 1996", but also provided that it was "automatically renewable at the end of the first year and on the anniversary of each year thereafter, unless either party furnishes written notice to the other party at least sixty (60) days prior to said annual anniversary." For about 14 months, the Tookes performed under the contract, and the City paid all their invoices, but in December 1997, after the contract's first anniversary, the City's director of public works advised the Tookes that the City's budget for their services had been exhausted. The Tookes did no more work, and the following March, the city manager notified them by letter that the City was "discontinuing" the contract for lack of funding.

The Tookes sued the City for breach of contract, asserting that they had relied on a three-year term in purchasing equipment. They claimed unspecified damages but requested jury findings only on lost profits and attorney fees, which the jury found to be $8,659 and $7,500, respectively. They did not claim that the City had failed to pay for the work they had done. The trial court rejected the City's contention that it was immune from suit and rendered judgment on the verdict plus prejudgment interest. The City appealed.

To counter the City's assertion of immunity, the Tookes argued that immunity had been waived three ways. First, they argued that section 51.075 waives immunity by providing that home-rule municipalities "may plead and be impleaded in any court." [8] The court of appeals, noting the disagreement among its sister courts on

the subject,[9] looked to the four "aids to help guide ... analysis in determining whether the Legislature has clearly and unambiguously waived sovereign immunity" set out in our opinion in *Wichita Falls State Hospital v. Taylor*:

First, a statute that waives the State's immunity must do so beyond doubt, even though we do not insist that the statute be a model of "perfect clarity." ... For example, we have found waiver when the provision in question would be meaningless unless immunity were waived....

Second, when construing a statute that purportedly waives sovereign immunity, we generally resolve ambiguities by retaining immunity....

Third, if the Legislature requires that the State be joined in a lawsuit for which immunity would otherwise attach, the Legislature has intentionally waived the State's sovereign immunity....

Finally, we are cognizant that, when waiving immunity by explicit language, the Legislature often enacts simultaneous measures to insulate public resources from the reach of judgment creditors.... Therefore, when deciding whether the Legislature intended to waive sovereign immunity and permit monetary damages against the State, one factor to consider is whether the statute also provides an objective limitation on the State's potential liability....[10]

Applying these factors to the City's claim of governmental immunity,[11] the court of

8. TEX. LOC. GOV'T CODE § 51.075.

9. 115 S.W.3d 618, 621–622 (Tex.App.—Waco 2003).

10. 106 S.W.3d 692, 697–698 (Tex.2003).

11. *Cf. id.* at 694 n. 3 ("Courts often use the terms sovereign immunity and governmental immunity interchangeably. However, they involve two distinct concepts. Sovereign immunity refers to the State's immunity from suit and liability. In addition to protecting the State from liability, it also protects the various divisions of state government, including agencies, boards, hospitals, and universities. Governmental immunity, on the other

appeals concluded that section 51.075 is "ambiguous at best".[12] The court reasoned that because the phrase "plead and be impleaded" often appears in statutes in conjunction with "sue and be sued," and because "sue and be sued" waives immunity from suit, according to this Court's holding in *Missouri Pacific Railroad Co. v. Brownsville Navigation District*,[13] "plead and be impleaded" must be presumed to have a different meaning if every word of such statutes is to be given effect.[14] The latter phrase, the court said, "can be reasonably construed as authorization for municipalities to file pleadings and be named in adverse pleadings in lawsuits in which immunity from suit has already been waived."[15] Further, the court observed, section 51.075 "does not require the joinder of a home-rule municipality in a suit for which immunity would otherwise attach",[16] and no limitation on home-rule municipalities' potential liability accompanied the enactment of section 51.075.[17] Thus, the court held that section 51.075 does not waive immunity from suit.[18]

The court easily rejected the Tookes' other arguments of waiver. The court found no authority for their contention that the City had waived immunity by partially performing under their contract

and accepting its benefits.[19] And contrary to the Tookes' argument that the City was acting in its proprietary capacity, section 101.0215(a)(6) of the Texas Civil Practice and Remedies Code states that " 'solid waste removal, collection, and disposal' is a governmental function." [20] Accordingly, the court reversed the trial court's judgment and rendered judgment for the City.[21]

We granted the Tookes' petition for review.[22]

## II

In this Court's second Term, we acknowledged the common-law rule that "no state can be sued in her own courts without her consent, and then only in the manner indicated by that consent." [23] We gave no basis for this principle of sovereign immunity, perhaps because a rule then more than six centuries old which the United States Supreme Court would describe as "an established principle of jurisprudence in all civilized nations" [24] required no justification, or perhaps because the reasons given for the rule had evolved over the centuries, from "the king can do no wrong",[25] to preserving the dignity of the state,[26] to protecting state resources.[27]

hand, protects political subdivisions of the State, including counties, cities, and school districts." (citations omitted)).

**12.** 115 S.W.3d at 623.

**13.** 453 S.W.2d 812, 813 (Tex.1970).

**14.** 115 S.W.3d at 622–623.

**15.** *Id.* at 623.

**16.** *Id.* at 623–624.

**17.** *Id.* at 624.

**18.** *Id.*

**19.** *Id.*

**20.** *Id.* at 624–625 (quoting TEX. CIV. PRAC. & REM. CODE § 101.0215(a)(6)).

**21.** *Id.* at 625.

**22.** 47 Tex. Sup.Ct. J. 368 (Mar. 26, 2004).

**23.** *Hosner v. DeYoung*, 1 Tex. 764, 769 (1847).

**24.** *Beers v. Arkansas*, 61 U.S. (20 How.) 527, 529, 15 L.Ed. 991 (1857).

**25.** *See, e.g.,* WILLIAM BLACKSTONE, 3 COMMENTARIES ON THE LAWS OF ENGLAND 254 (1768).

**26.** *See, e.g., Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 268, 117 S.Ct. 2028, 138

The rule remains firmly established, and as it has come to be applied to the various governmental entities in this State, an important purpose is pragmatic: to shield the public from the costs and consequences of improvident actions of their governments.

In Texas, governmental immunity has two components:[28] immunity from liability, which bars enforcement of a judgment against a governmental entity, and immunity from suit, which bars suit against the entity altogether.[29] By entering into a contract, a governmental entity necessarily waives immunity from liability, voluntarily binding itself like any other party to the terms of agreement, but it does not waive immunity from suit.[30] "We have consistently deferred to the Legislature to waive sovereign immunity from suit, because this allows the Legislature to protect its policymaking function."[31] More specifically, we defer to the Legislature to waive immunity from contract claims because:

- "the handling of contract claims against the government involves policy choices more complex than simply waiver of immunity," including whether to rely on administrative processes and what remedies to allow;
- the government should not be kept from responding to changing conditions for the public welfare by prior policy decisions reflected in long-term or ill-considered obligations;
- the claims process is tied to the appropriations process, and the priorities that guide the latter should also inform the former; and
- the Legislature is able to deal not only with these policy concerns but also with individual situations in deciding whether to waive immunity by resolution, cases by case, or by statute.[32]

In sum, "[i]n the contract-claims context, legislative control over sovereign immunity allows the Legislature to respond to changing conditions and revise existing agreements if doing so would benefit the public."[33] To ensure that this legislative

L.Ed.2d 438 (1997) (referring to "... the dignity and respect afforded a State, which [sovereign] immunity is designed to protect ....").

27. *See, e.g.,* D. CURRIE, THE CONSTITUTION IN CONGRESS: THE FEDERALIST PERIOD 1789–1801 196 (1997) (explaining that part of the adverse reaction to *Chisholm v. Georgia,* 2 U.S. (2 Dall.) 419, 1 L.Ed. 440 (1793), which held that a state could be sued by citizens of another state, arose out of concern about "prospective raids on state treasuries").

28. *See* Joe R. Greenhill & Thomas V. Murto III, *Governmental Immunity,* 49 TEX. L. REV. 462 (1971); James L. Hartsfield, Jr., *Governmental Immunity from Suit and Liability in Texas,* 27 TEX. L. REV. 337 (1949).

29. *Catalina Dev., Inc. v. County of El Paso,* 121 S.W.3d 704, 705 (Tex.2003); *Wichita Falls State Hosp. v. Taylor,* 106 S.W.3d 692,

696 (Tex.2003); *Travis County v. Pelzel & Assocs., Inc.,* 77 S.W.3d 246, 248 (Tex.2002); *Federal Sign v. Texas S. Univ.,* 951 S.W.2d 401, 405 (Tex.1997).

30. *Catalina Dev.,* 121 S.W.3d at 705–706; *Wichita Falls State Hosp.,* 106 S.W.3d at 696; *Travis County,* 77 S.W.3d at 248; *Federal Sign,* 951 S.W.2d at 405–406.

31. *Texas Nat. Res. Conserv. Comm'n v. IT–Davy,* 74 S.W.3d 849, 854 (Tex.2002) (citing *Hosner,* 1 Tex. 764, 769 (1847)).

32. *Texas A & M Univ.-Kingsville v. Lawson,* 87 S.W.3d 518, 522 (Tex.2002) (plurality op.) (footnotes omitted) (citing *IT–Davy,* 74 S.W.3d at 856, and *Federal Sign,* 951 S.W.2d at 414 (Hecht, J., concurring)).

33. *IT–Davy,* 74 S.W.3d at 854 (citing *Federal Sign,* 951 S.W.2d at 414 (Hecht, J., concurring)).

control is not lightly disturbed, a waiver of immunity must be clear and unambiguous.[34]

With these principles in mind, we turn to the parties' arguments.

## A

The Tookes contend that the City's immunity from suit is waived by section 51.075 of the Local Government Code, which as we have already said, simply states that a home-rule municipality[35] "may plead and be impleaded in any court."[36] That statute's earliest antecedent appears to have been in "An Act to Provide for the Incorporation of Towns and Cities", passed by the 7th Legislature in 1858, which allowed a village with at least 300 inhabitants to incorporate as a town that would then be "invested with all the rights incident to such corporations under this act, and shall have power to sue and be sued, plead and be impleaded; and to hold and dispose of real and personal property."[37] Later, in 1875, the Legislature provided that cities with at least 1,000 inhabitants could be incorporated and then, among other things, "be capable of contracting and being contracted with, suing and being sued, impleading and being impleaded, answering and being answered unto in all courts and places, and in all

matters whatever".[38] Then, in the 1913 Home Rule Enabling Act, the direct predecessor of the present statute, the Legislature provided that cities with more than 5,000 inhabitants that had adopted a charter had—

full power of local self-government, and among the other powers that may be exercised by any such city, the following are hereby enumerated for greater certainty:

\* \* \* \* \* \*

To hold by gift, deed, devise or otherwise any character of property, including any charitable or trust fund; to plead and be impleaded in all courts, and to act in perpetual succession as a body politic.[39]

This statute remained unchanged until 1987, when it was recodified without significant change, and the "plead and be impleaded" clause became what is now section 51.075.[40]

■ Nothing in any of these statutory provisions references a municipality's immunity from suit. Rather, each appears to use common language to refer to an entity's *capacity* to be involved in litigation. For example, nine days before the 1858 statute cited above, the same Legislature enacted "An Act to incorporate the Grand

---

**34.** *See supra* note 2.

**35.** *See* TEX. LOC. GOV'T CODE § 5.004 ("A municipality is a home-rule municipality if it operates under a municipal charter that has been adopted or amended as authorized by Article XI, Section 5, of the Texas Constitution.").

**36.** *Id.* § 51.075.

**37.** Act approved Jan. 27, 1858, 7th Leg., R.S., ch. 61, § 9, 1858 Tex. Gen. Laws 69, 70, *reprinted in* 4 H.P.N. GAMMEL, THE LAWS OF TEXAS 1822–1897, at 941, 942 (Austin, Gammel Book Co. 1898).

**38.** Act approved Mar. 15, 1875, 14th Leg., 2d Sess., ch. C, § 1a, 1875 Tex. Gen. Laws 113, 114, *reprinted in* 8 H.P.N. GAMMEL, THE LAWS OF TEXAS 1822–1897, at 485, 486 (Austin, Gammel Book Co. 1898).

**39.** Act of Mar. 31, 1913, 33d Leg., R.S., ch. 147, § 4, 1913 Tex. Gen. Laws 310 (formerly TEX. REV. CIV. STAT. ANN. art. 1175(3)) (enacted after adoption of TEX. CONST. art. XI, § 5, providing for home-rule cities, Tex. H.J. Res. 10, 32nd Leg., R.S., 1911 Tex. Gen. Laws 284).

**40.** Act of May 1, 1987, 70th Leg., R.S., ch. 149, § 1, 1987 Tex. Gen. Laws 707, 770.

and Subordinate Chapters of Royal Arch Masons, in the State of Texas", providing that the corporation

> shall be capable in law of having and using a common seal, and the same to change at pleasure, of suing and being sued, pleading and being impleaded, answering and being answered, and of defending and being defended, in all courts of this State . . . . [41]

It would certainly have been confusing for the Legislature to have used the same phrases to waive the governmental immunity of Texas cities that it had used a few days earlier merely to describe the legal capacity of the Masons. Instead, it seems apparent that the Legislature consistently intended the same meaning throughout: that an incorporated municipality, like the incorporated Masons or any other corporation, be an entity *capable* of suing and being sued itself, in its own name, as opposed to one that could sue or be sued only through a personal representative, like a trust [42] or an estate.[43] As a rule, a governmental entity without the power to sue and be sued cannot be a party in litigation.[44] Reasonably construed, the 1858, 1875, and 1913 statutes meant only that a municipality was the sort of entity that it was possible to sue, leaving aside whether suit was barred by immunity.

Nor is there any indication that the Legislature ever intended anything different by "sue and be sued" than by "plead and be impleaded" or any similar phrase. The three phrases used in the 1875 statute cannot be given distinct meanings. Moreover, if the court of appeals were correct that allowing a municipality to "plead and be impleaded" does not waive its immunity as allowing it to "sue and be sued" does, then the Legislature waived municipalities' immunity from suit in 1858 when it used both phrases but restored immunity in 1913 when it dropped "sue and be sued". Nothing suggests the Legislature intended so radical a change in the liability of municipalities by omitting four words. Rather, the drafters of the 1913 statute likely believed they could say the same thing the 1875 statute did with a third as many words.

If "sue and be sued", "plead and be impleaded", and similar phrases were intended by the Legislature to waive governmental immunity from suit for a particular entity, then no bar to recovery for breach of contract remained, since as we have already noted, a governmental entity from the State itself on down waives immunity from liability by entering into a contract. Yet such phrases were included in and omitted from organic statutes creating various governmental entities with never a

---

**41.** Act approved Jan. 18, 1858, 7th Leg., R.S., ch. 42, § 1, 1858 Tex. Spec. Laws 44, 44, *reprinted in* 4 H.P.N. GAMMEL, THE LAWS OF TEXAS 1822–1897, at 1222, 1222 (Austin, Gammel Book Co. 1898).

**42.** *Ray Malooly Trust v. Juhl,* 186 S.W.3d 568, 570 (Tex.2006) (per curiam); *Werner v. Colwell,* 909 S.W.2d 866, 870 (Tex.1995); *Smith v. Wayman,* 148 Tex. 318, 224 S.W.2d 211, 218 (1949); *Slay v. Burnett Trust,* 143 Tex. 621, 187 S.W.2d 377, 382 (1945).

**43.** *Austin Nursing Ctr., Inc. v. Lovato,* 171 S.W.3d 845, 849 (Tex.2005); *Embrey v. Royal Ins. Co. of Am.,* 22 S.W.3d 414, 415. n. 2

(Tex.2000); *Henson v. Estate of Crow,* 734 S.W.2d 648, 649 (Tex.1987); *Price v. Estate of Anderson,* 522 S.W.2d 690, 691 (Tex.1975).

**44.** *Texas Emps. Ins. Ass'n v. Elder,* 155 Tex. 27, 282 S.W.2d 371, 376 (1955) ("In our view, the [Industrial Accident] Board had no right to intervene at all. It is a public administrative body, created by statute, . . . and possessing only such powers as are conferred upon it by statute. The right to sue and be sued has not been conferred upon it. It is the general rule that a public administrative body cannot sue or be sued in the absence of statutory authority.").

mention of legislative intention with respect to a waiver of immunity. The complete silence of the legislative record on whether one entity, for certain reasons, should be immune from suit on its contracts while another, for different reasons, should not, suggests at least that no such intention was ever present.

For decades, the courts appear to have suffered some confusion in construing "sue and be sued" and similar clauses found in organic legislation. In 1897, this Court simply assumed in passing that a statute authorizing school districts to "sue and be sued, plead or be impleaded in any court of this State of proper jurisdiction" [45] would allow judgments to be rendered against them.[46] In 1925, one court of appeals held that an irrigation district's statutory power to "sue and be sued" waived immunity from suit.[47] Indeed, said the court: "There could be no plainer grant of power than is given by the right to sue and be sued. No language could be more plain." [48] In many cases, cities simply did not contend that they were immune from suit on their contracts.[49] But in 1965, another court of appeals rejected just as firmly the same contention with respect to navigation districts, stating that the organic statute "merely provides that a navigation district and its commissioners may sue and be sued in the courts of this State. It does not in any way militate against their governmental immunity." [50] We denied the application for writ of error in that case without addressing the merits but three years later again assumed that a

---

**45.** Act approved May 20, 1893, 23d Leg., R.S., ch. 122, § 52, 1893 Tex. Gen. Laws 182, 197, *reprinted in* 10 H.P.N. GAMMEL, THE LAWS OF TEXAS 1822–1897, at 612, 627 (Austin, Gammel Book Co. 1898) ("The trustees for school districts ... shall be a body politic and corporate in law, ... and as such may contract and be contracted with, sue and be sued, plead or be impleaded in any court of this State of proper jurisdiction ....").

**46.** *Harkness v. Hutcherson*, 90 Tex. 383, 38 S.W. 1120, 1121 (1897) ("Clearly, if [school districts] may contract, and may be sued upon their contracts, judgments for money may be rendered against them ....").

**47.** *Barnhart v. Hidalgo County Water Improvement Dist. No. 4*, 278 S.W. 499, 499–500 (Tex.Civ.App.—San Antonio 1925, writ ref'd) (holding statute providing irrigation districts may "sue and be sued" waived immunity from suit and allowed suit for damages for district's failure to supply water to appellant to irrigate his crops).

**48.** *Id.*

**49.** *See, e.g., City of Big Spring v. Ward*, 140 Tex. 609, 169 S.W.2d 151 (1943) (breach of contract action in which engineer sued to recover for services rendered); *City of Houston v. Finn*, 139 Tex. 111, 161 S.W.2d 776 (1942) (breach of contract action in which architect sued to recover for services rendered); *City of Nederland v. Callihan*, 299 S.W.2d 380 (Tex.Civ.App.—Beaumont 1957, writ ref'd n.r.e.) (breach of contract action for reimbursement of installation cost of water and sewer lines); *City of Kirbyville v. Smith*, 104 S.W.2d 564 (Tex.Civ.App.—Beaumont 1937, no writ) (breach of contract action in which attorney sued to recover reasonable value of services rendered); *Dale Oil & Ref. Co. v. City of Tulia*, 25 S.W.2d 671 (Tex.Civ.App.—Amarillo 1930, no writ) (breach of contract suit to recover amount due on sale of oil to city); *City of Orange v. Moore*, 246 S.W. 1099 (Tex.Civ.App.—Beaumont 1922, writ dism'd w.o.j.) (breach of contract action in which contractor sued to recover damages for wrongful delay); *City of Van Alstyne v. Morrison*, 33 Tex.Civ.App. 670, 77 S.W. 655 (1903, no writ) (suit for city's breach of contract in cutting off citizen's water supply).

**50.** *Jones v. Tex. Gulf Sulphur Co.*, 397 S.W.2d 304, 306–307 (Tex.Civ.App.—Houston 1965, writ ref'd n.r.e.) (affirming summary judgment in favor of navigation district because statute which provided "[a]ll navigation districts established under this Act may, by and through the navigation and canal commissioners, sue and be sued in all courts of this State in the name of such navigation district" did not waive governmental immunity).

statute authorizing school districts to sue and be sued waived their immunity from suit.[51]

In several cases, the United States Supreme Court has construed "sue and be sued" clauses in organic statutes creating federal agencies to waive immunity from suit.[52] But in another case, construing the statute creating the government of Puerto Rico, the Court refused to construe "sue and be sued" as waiving immunity:

> It is not open to controversy that, aside from the existence of some exception, the government which the organic act established in Porto Rico is of such nature as to come within the general rule exempting a government sovereign in its attributes from being sued without its consent....
>
> \* \* \* \* \* \*
>
> Unquestionably the provision [allowing the government to "sue and be sued"], disconnected from its context, would sustain the conclusion that there exists a general liability to be sued without reference to consent. Indeed, the words "to sue and be sued" are but a crystallized form of expression resorted to for the purpose of aptly stating the right to sue and the liability to be sued, which springs from a grant of corporate existence, private or public. But this does not solve the question here arising, which is the meaning of the words in the act under consideration, for it may be that like words may have one significance in one context and a different signification in another. And this is made clear by bearing in mind that, as usually applied, the words "to sue and be sued" but express implications as to the existence of powers flowing from the matter to which they relate, while here, if the words have the meaning insisted on, they serve, if not to destroy, at least to seriously modify or greatly restrict, the grant of powers conferred by the organic act. The destructive potency of the words if given the meaning insisted upon is self-evident, since the claim here is that they denature the government created by the organic act by depriving it of an immunity which has been frequently decided by this court would otherwise necessarily arise from the scope of the powers conferred.
>
> \* \* \* \* \* \*

**51.** *National Sur. Corp. v. Friendswood Indep. Sch. Dist.*, 433 S.W.2d 690, 692–693 (Tex. 1968) (quoting *Harkness* and former TEX. REV. CIV. STAT. 2748 (Act of April 15, 1905, 29th Leg., R.S., ch. 124, § 69, 1905 Tex. Gen. Laws 263, 281) (authorizing common school districts to "contract and be contracted with, sue and be sued, plead or be impleaded in any court of this State of proper jurisdiction"), current version at TEX. EDUC. CODE § 22.08–App.).

**52.** *See, e.g., United States Postal Serv. v. Flamingo Indus. (USA) Ltd.*, 540 U.S. 736, 742, 124 S.Ct. 1321, 158 L.Ed.2d 19 (2004) (stating that in the Postal Reorganization Act of 1971, "the sue-and-be-sued clause effects a broad waiver of immunity"); *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (stating that "[b]y permitting FSLIC to sue and be sued, Congress effected a 'broad' waiver of FSLIC's immunity from suit" for cognizable claims); *Loeffler v. Frank*, 486 U.S. 549, 554–555, 108 S.Ct. 1965, 100 L.Ed.2d 549 (1988) (holding that a sue-and-be-sued clause effects a broad waiver of immunity from suit); *Franchise Tax Bd. of Cal. v. U.S. Postal Serv.*, 467 U.S. 512, 519–523, 104 S.Ct. 2549, 81 L.Ed.2d 446 (1984) (holding that by virtue of a sue-and-be-sued clause, the Postal Service was required to withhold unpaid state taxes from the wages of its employees even though the process was a state administrative tax levy, not an order issued by a state court); *Federal Hous. Admin. v. Burr*, 309 U.S. 242, 245–46, 60 S.Ct. 488, 84 L.Ed. 724 (1940) (holding that the words "sue and be sued" in a federal statute creating the Federal Housing Administration authorized suits against the Administration, including a garnishment action in state court).

... In a sense the words "to sue and be sued," applied, as they normally have been, in grants of private or public charters, are redundant, since they but express the existence of powers which would naturally be implied. It may be true, also, to say that if they be likewise confined in the case before us they will also be in a sense redundant. Despite this, we think they should be construed with reference to the powers conferred by the provisions to which they relate, and therefore cannot be treated as destructive of the authority otherwise conferred by the act. Thus interpreting the clause, it is but an expression of the power to sue arising from the terms of the organic fact, and a recognition of a liability to be sued consistently with the nature and character of the government; that is, only in case of consent duly given.[53]

In sum, the effect of a "sue and be sued" clause in an organic statute depends on the

context in which it is used. The words can mean that immunity is waived, but they can also mean only that a governmental entity, like others, has the capacity to sue and be sued in its own name.

In *Missouri Pacific Railroad Co. v. Brownsville Navigation District*, decided in 1970,[54] the argument was made that certain navigation districts' immunity from suit was waived by an organic statute providing that the districts

> may, by and through the navigation and canal commissioners, sue and be sued in all courts of this State in the name of such navigation district, and all courts of this State shall take judicial notice of the establishment of all districts.[55]

In response, the navigation district pointed to other statutes "in which the Legislature's intention to give consent to suits has been more clearly expressed."[56] We noted, however, that "suits against counties have been held to be authorized by stat-

53. *People of Porto Rico v. Castillo*, 227 U.S. 270, 273–277, 33 S.Ct. 352, 57 L.Ed. 507 (1913).

54. 453 S.W.2d 812 (Tex.1970).

55. TEX. REV. CIV. STAT. ANN. art. 8263h, § 46 (1925) (current version at TEX. WATER CODE § 62.078).

56. 453 S.W.2d at 813 (referencing Act of May 28, 1965, 59th Leg., R.S., ch. 507, § 3, 1965 Tex. Gen. Laws 1022, 1022 ("Any person who by verified petition alleges that he is entitled to compensation under this Act may bring suit against the State of Texas. This Act grants permission to such persons to sue the State and the State's immunity from suit is hereby waived as to all actions brought under this Act.") (formerly TEX. PEN. CODE ANN. art. 1176a, current version at TEX. CIV. PRAC. & REM. CODE § 103.101); Tort Claims Act, Act of May 14, 1969, 61st Leg., R.S., ch. 292, § 4, 1969 Tex. Gen. Laws 874, 875–876 ("To the extent of such liability created [by this statute], immunity of the sovereign to suit, as heretofore recognized and practiced in the State of Texas with reference to units of government, is hereby expressly waived and abolished, and permission is hereby granted by the Legislature to all claimants to bring suit against the State of Texas, or any and all other units of government covered by this Act, for all claims arising hereunder.") (formerly TEX. REV. CIV. STAT. ANN. art. 6252–19, § 3, current version at TEX. CIV. PRAC. & REM. CODE § 101.025); TEX. REV. CIV. STAT. ANN. art. 6453 (stating that a party dissatisfied with a decision of the Railroad Commission "may file a petition ... in a court of competent jurisdiction ... against said Commission as defendant"); Act of June 1, 1933, 43d Leg., R.S., ch. 214, § 2, 1933 Tex. Gen. Laws 637, 637 (providing that a taxpayer seeking a refund may bring "suit ... against the public official charged with the duty of collecting such tax or fees, the State Treasurer and the Attorney General") (formerly TEX. REV. CIV. STAT. ANN. art. 7057b, § 2, current version at TEX. TAX CODE §§ 112.052–.053)).

utes that simply require the filing of a claim before institution of suit",[57] a position we have since rejected.[58] Without analysis, we stated simply that "[i]n our opinion [the statute on navigation districts] is quite plain and gives general consent for District to be sued in the courts of Texas in the same manner as other defendants." [59]

**57.** *Id.* at 813 (citing TEX. REV. STAT. art. 1573 (current version at TEX. LOC. GOV'T CODE § 89.004)).

**58.** *Travis County v. Pelzel & Assocs., Inc.*, 77 S.W.3d 246, 249–251 (Tex.2002).

**59.** 453 S.W.2d at 813.

**60.** *See, e.g., Gene Duke Builders, Inc. v. Abilene Hous. Auth.*, 168 S.W.3d 215, 220 (Tex. App.—Eastland 2005, pet. filed) ("sue and be sued" language of section 392.065 of the Local Government Code waives immunity from suit for municipal housing authorities because "[t]he Texas Supreme Court has held that 'sue and be sued' language is quite plain and gives general consent for a governmental body to be sued"); *City of Texarkana v. City of New Boston*, 141 S.W.3d 778, 789 (Tex.App.—Texarkana 2004, pet. filed) (section 51.075 of the Local Government Code waived City of Texarkana's immunity from suit because "there is no practical difference between 'sue and be sued' and 'plead and be impleaded' "); *United Water Servs. v. City of Houston*, 137 S.W.3d 747, 751, 755 (Tex.App.—Houston [1st Dist.] 2004, pet. filed) (stating the language "sue and be sued" constitutes "explicit waiver language" under *Missouri Pacific* and waives governmental immunity from suit); *Alamo Cmty. Coll. Dist. v. Browning Constr. Co.*, 131 S.W.3d 146, 154 (Tex.App.—San Antonio 2004, pet. dism'd by agr.) (holding the Legislature "clearly and unambiguously waived immunity for community college districts' through the use of the language 'sue and be sued' "); *Goerlitz v. City of Midland*, 101 S.W.3d 573, 576–577 (Tex.App.—El Paso 2003, pet. filed) (city and state consented to suit by using the language "sue and be sued" and "plead and be impleaded" in both the City Charter and section 51.075 of the Local Government Code, respectively); *Welch v. Coca–Cola Enters., Inc.*, 36 S.W.3d 532, 537–538 (Tex.App.—Tyler 2000, no pet.) (section 11.151(a) of the Education Code waived school district's immunity from suit by pro-

Following *Missouri Pacific*, several courts of appeals have held that "sue and be sued" and "plead and be impleaded" in organic statutes waive immunity from suit.[60] But one court has held that such phrases do not waive immunity because they are not clear and unambiguous [61] as required by our later decision in *Duhart v. State* [62] and now by statute.[63] Three other

viding a school district may "sue and be sued"); *Bates v. Tex. State Technical Coll.*, 983 S.W.2d 821, 826–827 (Tex.App.—Waco 1998, pet. denied) (Legislature waived immunity from suit by providing, "The board may sue, and may be sued, in the name of the Texas State Technical College System, with venue being either in McLennan County or Travis County" in section 135.55 of the Education Code); *Avmanco, Inc. v. City of Grand Prairie*, 835 S.W.2d 160, 165 (Tex.App.—Fort Worth 1992, pet. dism'd) (city had no immunity from suit because its charter provided the city "may sue and be sued" and section 51.075 of the Local Government Code provided municipalities may "plead and be impleaded"); *see also Webb v. City of Dallas*, 314 F.3d 787, 793–796 (5th Cir.2002).

**61.** *Satterfield & Pontikes Constr., Inc. v. Irving Indep. Sch. Dist.*, 123 S.W.3d 63, 68 (Tex. App.—Dallas 2003) (no waiver of sovereign immunity because "sue and be sued" is not a clear and unambiguous waiver), *rev'd on other grounds*, 197 S.W.3d 390, 2006 WL 1793473 (Tex.2006) (per curiam); *see also City of Dallas v. Reata Constr. Corp.*, 83 S.W.3d 392, 398 (Tex.App.—Dallas 2002) ("sue and be sued" and "plead and be impleaded" refers to city's capacity after waiver), *rev'd on other grounds*, 197 S.W.3d 371, 2006 WL 1792219 (Tex. 2006); *cf. Sheffield Dev. Co. v. City of Glenn Heights*, 140 S.W.3d 660, 674 (Tex.2004) ("if a precedent of [the Supreme] Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, [a lower court] should follow the case which directly controls, leaving to [the Supreme] Court the prerogative of overruling its own decisions" (quoting *Agostini v. Felton*, 521 U.S. 203, 237, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997))).

**62.** 610 S.W.2d 740, 742 (Tex.1980) ("It is a well-established rule that for the Legislature to waive the State's sovereign immunity, it

courts have gone both ways.[64] The court in the present case was the first to hold that "sue and be sued" waives immunity but "plead and be impleaded" does not. In many cases since *Missouri Pacific* as before, the immunity issue has not been raised.[65]

must do so by clear and unambiguous language." (citing *Texas Prison Board v. Cabeen*, 159 S.W.2d 523 (Tex.Civ.App.—Beaumont 1942, writ ref'd))).

63. TEX. GOV'T CODE § 311.034 ("In order to preserve the legislature's interest in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language.").

64. *Compare City of Houston v. Clear Channel Outdoor, Inc.*, 161 S.W.3d 3, 7–8 (Tex.App.—Houston [14th Dist.] 2004) (either "sue and be sued" or "plead and be impleaded" waives sovereign immunity), *rev'd*, 197 S.W.3d 386, 2006 WL 1793299 (Tex.2006) (per curiam), *with Jackson v. City of Galveston*, 837 S.W.2d 868, 871 (Tex.App.—Houston [14th Dist.] 1992, pet. denied) (neither "sue and be sued" nor "plead and be impleaded" waived sovereign immunity); *compare Townsend v. Mem'l Med. Ctr.*, 529 S.W.2d 264, 267 (Tex.Civ.App.-Corpus Christi 1975, writ ref'd n.r.e.) (rejecting the argument that a statute impliedly waived governmental immunity by providing "that the Board of Managers of a county hospital district shall have the power and authority to sue and be sued"), *with Engelman Irrigation Dist. v. Shields Bros., Inc.*, 960 S.W.2d 343, 348 (Tex.App.—Corpus Christi 1997), *pet. denied*, 989 S.W.2d 360 (Tex.1998) (the Legislature provided "clear and unambiguous consent for the Irrigation District to be sued" by enacting statute which provided an irrigation district "may sue and be sued in the court of this state"); and *compare Dillard v. Austin Indep. Sch. Dist.*, 806 S.W.2d 589, 594 (Tex.App.-Austin 1991, writ denied) (noting the "legislature has consented to suits against independent school districts" by providing they may "sue and be sued" in the Education Code), *with Wolfgang Hirczy de Mino v. Univ. of Houston*, No. 03-03-00311-CV, 2004 Tex.App. LEXIS 9045, 2004 WL 2296131 (Tex.App.-Austin Oct. 14, 2004, pet. denied) (rejecting claim that "sue and be sued" language of section 111.33 of the Education Code waived sovereign immunity because both the plain language and legislative history of the statute made clear the Legislature did not intend to waive immunity).

65. *See, e.g., City of Odessa v. Barton*, 967 S.W.2d 834 (Tex.1998) (breach of employment contract); *Flagship Hotel, Ltd. v. City of Galveston*, 117 S.W.3d 552 (Tex.App.—Texarkana 2003, pet. denied) (breach of lease agreement); *Arredondo v. City of Dallas*, 79 S.W.3d 657 (Tex.App.—Dallas 2002, pet. denied) (action by firefighters for back wages pursuant to ordinance that constituted part of employment contract); *Johnson v. City of Dublin*, 46 S.W.3d 401 (Tex.App.—Eastland 2001, pet. denied) (action by former chief of police for breach of contract, wrongful termination, and Whistleblower Act violations); *Texas Indus., Inc. v. City of Dallas*, 1 S.W.3d 792 (Tex.App.—Eastland 1999, pet. denied) (summary judgment granted on limitations grounds against lessor who sued city that leased land for use in landfill operations); *Municipal Admin. Servs., Inc. v. City of Beaumont*, 969 S.W.2d 31 (Tex.App.—Texarkana 1998, no pet.) (auditor sued city for breach of contract to recover portion of City's lawsuit settlement proceeds resulting from audit plaintiff performed); *City of Beaumont v. Excavators & Constructors, Inc.*, 870 S.W.2d 123 (Tex.App.—Beaumont 1993, writ denied) (breach of contract action by excavating contractor for inefficiency and delay damages); *City of Harker Heights v. Sun Meadows Land, Ltd.*, 830 S.W.2d 313 (Tex.App.—Austin 1992, no writ) (suit by developers involving City's refusal to refund escrowed funds that had not been used for agreed purpose); *City of Terrell v. McFarland*, 766 S.W.2d 809 (Tex.App.—Dallas 1988, writ denied) (breach of contract suit by resident against City for failure to reimburse portion of costs of constructing sewer line on his property); *Cook v. City of Plano*, 656 S.W.2d 607 (Tex.App.—Dallas 1983, writ ref'd n.r.e.) (breach of contract action in which real estate broker sued City for failure to use broker as exclusive real estate agent); *City of Baytown v. Bayshore Constructors, Inc.*, 615 S.W.2d 792 (Tex.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.) (breach of contract action in which contractor for construction of underground sewer lines sued to recover for extra work caused by city's alleged failure to provide

While the Legislature did not amend the statute involved in *Missouri Pacific*, or any other statute for that matter, in response to our ruling, and continued to use "sue and be sued" in organic statutes, the Court's conclusion that the phrase is "quite plain and gives general consent for [a governmental entity] to be sued in the courts of Texas in the same manner as other defendants" simply cannot be applied as a general rule.[66] The phrase is sometimes used in connection with a clear waiver of immunity. For example, section 76.04 of the Education Code provides that the Board of Regents of The University of Texas System "may sue and be sued in the name of the [University of Texas at Tyler]" and that "legislative consent to suits against the institution is granted." [67] Also, section 404.103 of the Government Code states that "the state expressly waives all defenses of governmental immunity by and on behalf of the [Texas Treasury Safekeeping Trust Company], the comptroller, and the state and expressly consents to sue and be sued in federal court or in any court of competent jurisdiction." [68] Further, section 262.007(a) of the Local Government Code provides that "[a] county

that is a party to a written contract for engineering, architectural, or construction services or for goods related to engineering, architectural, or construction services may sue or be sued, plead or be impleaded, or defend or be defended on a claim arising under the contract", and then adds in subparagraph (d): "This section does not waive a defense or a limitation on damages available to a party to a contract, other than a bar against suit based on sovereign immunity." [69] Subparagraph (e) clarifies that "[t]his section does not waive sovereign immunity to suit in federal court." [70]

But "sue and be sued" is also used in other statutes which expressly retain or confer immunity. For example, section 111.33 of the Education Code provides that the Board of Regents of the University of Houston "has the power to sue and be sued in the name of the University of Houston" but adds: "Nothing in this section shall be construed as granting legislative consent for suits against the board, the University of Houston System, or its component institutions and entities except as authorized by law." [71] Also, section

adequate plans and specifications); *Brodhead v. City of Forney*, 538 S.W.2d 873 (Tex.Civ. App.—Waco 1976, writ ref'd n.r.e.) (breach of contract action in which developer sued for failure to install water and sewer lines and do street work); *B.L. Nelson & Assocs., Inc. v. City of Argyle*, 535 S.W.2d 906 (Tex.Civ. App.—Fort Worth 1976, writ ref'd n.r.e.) (engineer sued to recover for services rendered).

66. *Missouri Pac. R.R. Co. v. Brownsville Navig. Dist.*, 453 S.W.2d 812, 813 (Tex.1970).

67. TEX. EDUC. CODE § 76.04.

68. TEX. GOV'T CODE § 404.103.

69. TEX. LOC. GOV'T CODE § 262.007(a), (d).

70. *Id.* § 262.007(e).

71. TEX. EDUC. CODE § 111.33; *see Freedman v. Univ. of Houston*, 110 S.W.3d 504, 508

n. 7 (Tex.App.—Houston [1st Dist.] 2003, no pet.) (this language denying consent to suit was added to section 111.33 by Act of May 15, 1985, 69th Leg., R.S., ch. 378, § 1, 1985 Tex. Gen. Laws 1466, 1466, after the court's opinion in *Fazekas* ), and *Fazekas v. Univ. of Houston*, 565 S.W.2d 299, 302 (Tex.Civ.App.— Houston [1st Dist.] 1978, writ ref'd n.r.e.) (holding that section 111.33, as a non-substantive recodification of an act expressly providing that "Legislative consent to such suits is herewith granted", waived immunity, citing Act of May 22, 1971, 62nd Leg. R.S., Ch. 1024, §§ 1, 2, 1971 Tex. Gen. Laws 3072, 3272, 3319, recodifying Act of May 23 1961, 57th Leg., R.S., ch. 370, § 3, 1961 Tex. Gen. Laws 811, 812 (formerly TEX. REV. CIV. STAT. art. 2615g § 3)); Wolfgang *Hirczy de Mino v. Univ. of Houston*, No. 03–03–00311–CV, 2004 Tex.App. LEXIS 9045, 2004 WL 2296131 (Tex. App.—Austin Oct. 14, 2004, pet. denied) (rejecting claim that "sue and be

403.006 of the Health and Safety Code creates the Texas Low–Level Radioactive Waste Disposal Compact Commission, provides that it "may ... [s]ue and be sued",[72]

but also states that it "has governmental immunity".[73]

And in many statutes, "sue and be sued"[74] and "plead and be impleaded"[75]

---

sued" language of section 111.33 of the Education Code waived sovereign immunity because both the plain language and legislative history of the statute made clear the Legislature did not intend to waive immunity).

72. TEX. HEALTH & SAFETY CODE § 403.006, sec. 3.05(5).

73. *Id.* § 403.006, sec. 3.03.

74. *E.g.* TEX. FAM. CODE § 1.105(a) ("A spouse may sue and be sued without the joinder of the other spouse."); TEX. FIN. CODE § 93.001(c)(1) ("A savings bank may: (1) sue *and be sued in its corporate name* ...."); *id.* § 123.102 ("A credit union may sue or be sued in the name of the credit union."); *id.* § 126.251(b) ("The credit union [in liquidation] may sue and be sued to enforce debts and obligations until its affairs are fully adjusted."); TEX. HEALTH & SAFETY CODE § 576.001(b)(3)("(b) Unless a specific law limits a right under a special procedure, a patient has: (3) the right to sue and be sued ...."); TEX. INS. CODE § 846.151(c) ("A multiple employer welfare arrangement may sue and be sued. An arrangement may: (1) complain and defend in any court ...."); *id.* § 861.152 ("A general casualty company may: (1) sue or be sued in the name of the company ...."); *id.* § 886.101 ("A local mutual aid association is a body corporate that may sue and be sued in its own name and exercise the other powers and functions specifically granted in this chapter, but not otherwise."); *id.* § 1505.005(a) ("An unincorporated association, trust, or other organization formed under this subsection [to provide certain group health insurance] may sue and be sued in the name of the association, trust, or organization."); TEX. UTIL. CODE § 161.121(1) ("An electric cooperative may: (1) sue and be sued in its corporate name ...."); *id.* § 161.252(b) ("A dissolved electric cooperative may sue and be sued in its corporate name."); *id.* § 162.121(1) ("A telephone cooperative may: (1) sue and be sued in its corporate name ...."); *id.* § 162.302(b)("(b) A dissolved telephone cooperative may sue and be sued in its corporate name."); TEX. REV. CIV. STAT. ANN. art. 1396–2.02(A)(2) (A non-profit cor-

poration "shall have power: ... (2) To sue and be sued, complain and defend, in its corporate name."); *id.* art. 1396–7.07(B) ("A receiver appointed by authority of this Act shall have authority to sue and be sued in all courts in his own name ...."); *id.* art. 1528f, § 5(b) (A professional association "shall have power to sue and be sued, complain and defend in its association name."); *id.* art. 5190.6, § 4D(i) (An industrial development corporation "may sue and be sued."); *id.* art. 6132b–3.01(1) ("Unless restricted by applicable law, a partnership has the same powers as an individual or corporation to do all things necessary or convenient to carry out its business and affairs, including the power to: (1) sue and be sued, complain, and defend in its partnership name ...."); *id.* art. 6132b–3.05(a) ("A partnership may sue and be sued in the name of the partnership."); *id.* art. 6133 ("Any unincorporated joint stock company or association, whether foreign or domestic, doing business in this State, may sue or be sued in any court of this State having jurisdiction of the subject matter in its company or distinguishing name; and it shall not be necessary to make the individual stockholders or members thereof parties to the suit."); *id.* art. 6138A, § 6.10(A)(2) ("[E]ach real estate investment trust shall have power: ... (2) To sue and be sued, complain and defend, in its trust name."); TEX. BUS. CORP. ACT art. 2.02(A)(2) ("[E]ach corporation shall have power: ... (2) To sue and be sued, complain and defend, in its corporate name."); *id.* art. 7.07(B) ("A receiver appointed by authority of this Act shall have authority to sue and be sued in all courts in his own name ...."); TEX. PROB. CODE § 160(a) ("When no one has qualified as executor or administrator of the estate of a deceased spouse, the surviving spouse ... has power to sue and be sued [regarding the community estate]."); *id.* § 167 (When authorized, a surviving spouse "shall have the power to ... sue and be sued with regard to [community property] ....").

75. TEX. REV. CIV. STAT. ANN. art. 6341 ("Railroad corporations shall have the following other rights: 1. To have succession, and

have nothing to do with immunity at all.

Finally, the holding of *Missouri Pacific* is inconsistent with the Legislature's more recent limited waivers of immunity from suit on contract claims against the State and units of state government, counties, and local government entities. In 1999, the Legislature enacted chapter 2260 of the Government Code, which provides a process for resolving certain contract claims against the State and units of state government[76] without waiving immunity from suit or liability.[77] In 2003, after we had held that counties were immune from suit for breach of contract,[78] the Legislature enacted section 262.007 of the Local Government Code, waiving counties' immunity from suit for breach of certain contracts with limitations on damages.[79] And in 2005, while this appeal was pending, the Legislature passed HB 2039,[80] enacting sections 271.151–.160 of the Local Government Code, waiving local governmental entities' immunity from suit for breach of contract under certain circumstances and limiting damages.[81] HB 2039, as we have said, is retroactively applicable to this case to the extent the City is immune from suit under the common law.[82] We discuss below the effect of HB 2039 on this case. For now, the important thing is that it is part of a larger, more consistent legislative scheme for handling contract claims against the government that would be disrupted if "sue and be sued" clauses in organic statutes waived immunity from suit because such clauses appear in some statutes creating and empowering governmental entities but not others.

■■■ Accordingly, we conclude that *Missouri Pacific* must be, and now is, overruled. We are fully mindful that "in the area of statutory construction, the doctrine of stare decisis has its greatest force."[83] But the holding of *Missouri Pacific* that "sue and be sued", by itself, in an organic statute always waives immunity from suit is simply incorrect. The phrase is often used to mean only that an entity has the capacity to sue and be sued in its own name. Because the phrase means different things in different statutes, it cannot be said to be clear and unambiguous. As we have seen, the words "sue and be sued", standing alone, are if anything, unclear and ambiguous. The effect of similar clauses, like "plead and be impleaded", is indistinguishable, and therefore those clauses do not, by themselves, waive immunity.

■■■ The question remains whether the phrase "plead and be impleaded" in the context of the statute at issue here, section 51.075 of the Local Government Code, reflects a clear legislative intent to waive immunity from suit. It does not. The section is a ten-word sentence that reveals nothing about an intent to waive immunity.

---

in their corporate name may sue and be sued, plead and be impleaded.").

**76.** Act of May 30, 1999, 76th Leg., R.S., ch. 1352, § 9, 1999 Tex. Gen. Laws 4578, 4583–4587 (codified at TEX. GOV'T CODE §§ 2260.001–.108).

**77.** TEX. GOV'T CODE § 2260.006 ("This chapter does not waive sovereign immunity to suit or liability.").

**78.** *Travis County v. Pelzel & Assocs., Inc.*, 77 S.W.3d 246, 250–251 (Tex.2002).

**79.** TEX. LOC. GOV'T CODE § 262.007.

**80.** *See supra* note 6.

**81.** TEX. LOC. GOV'T CODE §§ 271.151–.160.

**82.** *See supra* note 7.

**83.** *Marmon v. Mustang Aviation, Inc.*, 430 S.W.2d 182, 186 (Tex.1968).

Nor does the chapter in which it is placed provide any additional indication. Thus, we hold that the City's immunity from suit on the Tookes' breach of contract claim was not waived by section 51.075.

**B**

The Tookes argue here that the City's immunity from suit was waived for three other reasons. First, they contend that the City's partial performance of the contract waived immunity, citing our cautionary statement in *Federal Sign v. Texas Southern University*, that "[t]here may be other circumstances where the State may waive its immunity by conduct other than simply executing a contract so that it is not always immune from suit when it contracts." [84] But the Tookes were paid for all the work they performed, and they claim only lost profits on additional work they should have been given. Nothing among the circumstances of this case reflects a waiver of immunity from suit.[85]

Second, the Tookes contend that the City is not immune from suit for breach of a contract like theirs covering a proprietary function rather than a governmental one. The proprietary-governmental dichotomy has been used to determine a municipality's immunity from suit for tortious conduct. The distinction has not been a clear one, but generally speaking, a municipality's proprietary functions are those conducted "in its private capacity, for the benefit only of those within its corporate limits, and not as an arm of the government," [86] while its governmental functions are "in the performance of purely governmental matters solely for the public benefit." [87] A municipality is not immune from suit for torts committed in the performance of its proprietary functions, as it is for torts committed in the performance of its governmental functions.[88] But we have never held that this same distinction determines whether immunity from suit is waived for breach of contract claims,[89] and we need not determine that issue here. The Texas Constitution authorizes the Legislature to "define for all purposes those functions of a municipality that are to be considered governmental and those that are proprietary, including reclassifying a function's classification assigned under prior statute or common law." [90] For purposes of tort liability, the Legislature has statutorily included "garbage and solid waste removal, collection, and disposal" among a municipality's governmental functions.[91] We think this describes the services the

---

84. 951 S.W.2d 401, 408 n. 1 (Tex.1997).

85. *See also Catalina Dev. Inc. v. County of El Paso*, 121 S.W.3d 704, 705–706 (Tex.2003) (nothing in circumstances showed waiver of immunity from suit for breach of contract); *Texas Nat. Res. Conserv. Comm'n v. IT–Davy*, 74 S.W.3d 849, 856–857 (Tex.2002) (same).

86. *Dilley v. City of Houston*, 148 Tex. 191, 222 S.W.2d 992, 993 (1949).

87. *Id.*

88. *City of Tyler v. Likes*, 962 S.W.2d 489, 501 (Tex.1997); *Dilley v. City of Houston*, 148 Tex. 191, 222 S.W.2d 992, 993–994 (1949).

89. *Cf. Gates v. City of Dallas*, 704 S.W.2d 737, 738–739 (Tex.1986) (stating that "[c]ontracts made by municipal corporations in their proprietary capacity have been held to be governed by the same rules as contracts between individuals", and that a city that contracts in its proprietary role is " 'clothed with the same authority and subject to the same liabilities as a private citizen' ") (quoting *Boiles v. City of Abilene*, 276 S.W.2d 922, 925 (Tex.Civ.App.-Eastland 1955, writ ref'd)).

90. TEX. CONST. art. XI, § 13.

91. TEX. CIV. PRAC. & REM. CODE § 101.0215(a)(6).

Tookes agreed to provide,[92] and we see no reason to think that the classification would be different under the common law. Thus, even if the City were not immune from suit for breach of a contract whose subject lies within its proprietary functions, the Tookes' contract does not qualify.

Third, the Tookes argue that the City waived immunity from suit by the following provision in its charter:

## ARTICLE II. POWERS OF THE CITY

 Section 1. Corporate Powers.

The City of Mexia made a body politic and corporate by the adoption of this Charter, shall have perpetual succession, may use a common seal, may sue and be sued, may contract and be contracted with, implead and be impleaded in all courts and places and in all matters whatsoever; may take, hold and purchase land, within or without the city limits, as may be needed for the corporate purposes of said city, and may sell any real estates or personal property owned by it; perform and render all public services and when deemed expedient may condemn property for corporate use, and may hold and manage and control the same, and shall be subject to all the duties and obligations now pertaining or incumbent upon said city as a corporation, not in conflict with the provisions of this Charter, and shall enjoy all the rights, immunities, powers, privileges and franchises now possessed by said city and herein conferred and granted.[93]

As already noted, a waiver of governmental immunity involves policies best considered by the Legislature,[94] and thus it could be argued that a city lacks authority to waive its own immunity from suit by ordinance or charter. But we need not address that argument here because the quoted provision is not a clear and unambiguous waiver of immunity. On the contrary, the provision appears to address the capacity of the City to act as a corporate body, not its immunity from suit. All it *clearly* says is that the City can be sued and impleaded in court *when* suit is permitted, not that immunity is waived for all suits.

Accordingly, we hold that the City's immunity from suit was not waived for these additional reasons.

## III

 HB 2039, passed by the Legislature while this case has been pending, enacts sections 271.151–.160 of the Local Government Code, waiving immunity from suit for contract claims against most local governmental entities in certain circumstances.[95] The provisions waiving immunity and limiting damages "apply to a claim that arises under a contract executed before the effective date of this Act only if sovereign immunity has not been waived with respect to the claim before the effec-

---

92. *See also* TEX. HEALTH & SAFETY CODE § 361.003(35) (defining "solid waste" as "garbage, rubbish, refuse . . . and other discarded material"); *id.* § 361.003(31)(A) (defining "[r]ubbish" as "nonputrescible solid waste, excluding ashes, that consists of: (A) combustible waste materials, including . . . wood, . . . yard trimmings, leaves, and similar materials").

93. MEXIA, TEX., CITY CHARTER art. II, § 1.

94. *See supra* notes 31–33 and accompanying text.

95. Act of May 23, 2005, 79th Leg., R.S., ch. 604, § 1, 2005 Tex. Gen. Laws 1548 (codified at TEX. LOC. GOV'T CODE §§ 271.151–.160).

tive date of this Act,"[96] which was September 1, 2005. If immunity was waived for a claim that arose before that date, HB 2039 has no effect.[97] A governmental entity cannot complain of a retroactive waiver of immunity, since all governmental immunity derives from the State, and a governmental entity acquires no vested rights against the State.[98] Indeed, legislative retroactive consent to sue is provided for by statute.[99] Because we have held that the City was immune from suit on the Tookes' claim that arose before the effective date of HB 2039, its immunity is waived only to the extent provided by that statute.

 Section 271.152 provides:

A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter.[100]

A local government entity is defined to include a municipality.[101] A "contract subject to this subchapter" is defined as "a written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity that is properly executed on behalf of the local governmental entity."[102] Damages are limited as follows:

(a) The total amount of money awarded in an adjudication brought against a local governmental entity for breach of a contract subject to this subchapter is limited to the following:

(1) the balance due and owed by the local governmental entity under the contract as it may have been amended, including any amount owed as compensation for the increased cost to perform the work as a direct result of owner-caused delays or acceleration;

(2) the amount owed for change orders or additional work the contractor is directed to perform by a local governmental entity in connection with the contract; and

(3) interest as allowed by law.

**96.** Act of May 23, 2005, 79th Leg., R.S., ch. 604, § 2, 2005 Tex. Gen. Laws 1548, 1549.

**97.** *Id.* ("A claim that arises under a contract executed before the effective date of this Act and with respect to which sovereign immunity has been waived is governed by the law in effect on the date the contract was executed, and the former law is continued in effect for that purpose.").

**98.** *See Deacon v. City of Euless*, 405 S.W.2d 59, 62 (Tex.1966) ("Municipal Corporations do not acquire vested rights against the State") (citing *Dallas County Water Control and Imp. Dist. No. 3 v. City of Dallas*, 149 Tex. 362, 233 S.W.2d 291, 294 (1950), and *Blessing v. City of Galveston*, 42 Tex. 641, 657–658 (1875)).

**99.** TEX. CIV. PRAC. & REM. CODE §§ 107.001–.005.

**100.** TEX. LOC. GOV'T CODE § 271.152.

**101.** *Id.* § 271.151(3) (" 'Local governmental entity' means a political subdivision of this state, other than a county or a unit of state government, as that term is defined by Section 2260.001, Government Code, including a: (A) municipality; (B) public school district and junior college district; and (C) special-purpose district or authority, including any levee improvement district, drainage district, irrigation district, water improvement district, water control and improvement district, water control and preservation district, freshwater supply district, navigation district, conservation and reclamation district, soil conservation district, communication district, public health district, emergency service organization, and river authority.").

**102.** *Id.* § 271.151(2).

(b) Damages awarded in an adjudication brought against a local governmental entity arising under a contract subject to this subchapter may not include:

 (1) consequential damages, except as expressly allowed under Subsection (a)(1);

 (2) exemplary damages; or

 (3) damages for unabsorbed home office overhead.[103]

As previously stated, the Tookes do not claim damages within these limitations. Their only claim is for lost profits, which are consequential damages[104] excluded from recovery under the statute.

Consequently, we conclude that the City's immunity from suit on the Tookes' claim has not been waived.

## IV

With HB 2039, the Legislature has rejected the view that "sue and be sued" and similar phrases, standing alone in organic statutes, waive immunity from suit, and has instead adopted a more measured approach, waiving local governments' immunity from suit for certain contractual claims and damages. Its decision strikes a balance between the rights of parties that contract with local governments and the State's interest in protecting public resources from unjustified burdens. With our decision in this case, HB 2039 applies retroactively as well as prospectively.[105]

Thus, local governments now *have*, and *have had*, the limited immunity from suit on contract that the Legislature believes they *should have*. The Legislature's purpose in House Bill 2039 has been achieved completely and consistently.

Given this result, JUSTICE O'NEILL's dissent is difficult to understand. It accuses the Court of a "usurpation of the legislative function"[106] even though by our decision legislative intent is fully realized, and in her view, it should be realized prospectively only. Today's decision is right, JUSTICE O'NEILL admits, indeed "compelling", and she would join it herself but for *Missouri Pacific*,[107] which she calls a "solid"[108] and "firmly established"[109] precedent, even though two courts of appeals have so far concluded it cannot still be good law, given that waivers of immunity must be clear and unambiguous. But she charges the Court with "a sweeping reversal unfettered by the constraints of *stare decisis*",[110] taking "a cavalier approach to precedent [that] is deeply disturbing",[111] "jettison[ing] established law",[112] "abandon[ing] precedent",[113] "do[ing] no service to the stability of the law",[114] and pursuing a "perilous course".[115]

Only after a careful, detailed analysis of the history of local governmental immunity in Texas, and identification of the undeniable inconsistencies in statutes and caselaw

---

**103.** *Id.* § 271.153.

**104.** *Trenholm v. Ratcliff*, 646 S.W.2d 927, 933 (Tex.1983); *Henry S. Miller Co. v. Bynum*, 836 S.W.2d 160, 163–164 (Tex.1992) (Phillips, C.J., concurring).

**105.** *See supra* note 7.

**106.** *Post* at 362.

**107.** *Post* at 356–357.

**108.** *Post* at 357.

**109.** *Post* at 363.

**110.** *Post* at 356.

**111.** *Post* at 356.

**112.** *Post* at 356.

**113.** *Post* at 360

**114.** *Post* at 363.

**115.** *Post* at 363.

regarding the meaning of "sue and be sued" and similar phrases in organic statutes, has the Court concluded that *Missouri Pacific* must be overruled. We are fortified in that view by the Legislature's own recent action.

\* \* \* \* \* \*

For these reasons, the judgment of the court of appeals is

*Affirmed.*

Justice JOHNSON filed an opinion concurring in part and dissenting in part.

Justice O'NEILL filed a dissenting opinion.

Justice WILLETT did not participate in the decision.

## APPENDIX

TEX. AGRIC. CODE

- § 58.022(2) ("The [Agricultural Finance Authority] has all powers necessary to accomplish the purposes and programs of the authority, including the power: ... (2) to sue and be sued, complain, and defend, in its own name ....");
- § 60.060(a) ("The [agricultural development] district may sue and be sued.");
- § 201.101(a)(1)("(a) A [soil and water] conservation district is a governmental subdivision of this state and a public body corporate and politic. A conservation district may: (1) sue and be sued in the name of the conservation district ....");
- § 202.022(4) ("A [wind erosion] district may: ... (4) sue or be sued in its corporate capacity ....");

TEX. BUS. CORP. ACT

- art. 2.02(A)(2) ("[E]ach corporation shall have power: ... (2) To sue and

be sued, complain and defend, in its corporate name.");
- art. 7.07(B) ("A receiver appointed by authority of this Act shall have authority to sue and be sued in all courts in his own name ....");

TEX. BUS. ORGS. CODE

- § 11.406(a)(3) ("A receiver ... may sue and be sued in the receiver's name in any court ....");

TEX. EDUC. CODE

- § 11.151(a) ("The trustees of an independent school district constitute a body corporate and in the name of the district may ... sue and be sued ....");
- § 17.21(a)-App. ("The county school trustees or county board of education shall constitute a body corporate and in that name may ... sue and be sued ....");
- § 22.08(b)-App. ("The trustees or common consolidated school district may sue and be sued, plead or be impleaded, in any court of Texas of proper jurisdiction.");
- § 45.152(b) ("An [athletic stadium] authority is a body politic and corporate. It ... may sue and be sued ....");
- § 53.13 ("A[ ] [higher education facilities] authority [for public schools] is a body politic and corporate having the power of perpetual succession. It ... may sue and be sued ....");
- § 53A.13 ("A[ ] [higher education facilities] authority [for private schools] is a body politic and corporate having the power of perpetual succession. It ... may sue and be sued ....");
- § 53B.13 ("A[ ] [higher education loan] authority is a body politic and corporate having the power of perpetual

succession. It ... may sue and be sued ....");

- § 54.618(b)(3) ("The [prepaid higher education tuition] board may: ... (3) sue and be sued ....");
- § 76.04 ("The [B]oard [of Regents of The University of Texas System] may sue and be sued in the name of the institution [that is, University of Texas at Tyler]. Venue is in Smith or Travis County. The institution may be impleaded by service of citation on its president, and legislative consent to suits against the institution is granted.");
- § 111.33 ("The [B]oard [of Regents of the University of Houston] has the power to sue and be sued in the name of the University of Houston. Venue shall be in either Harris County or Travis County. The university shall be impleaded by service of citation on the president or any of its vice presidents. Nothing in this section shall be construed as granting legislative consent for suits against the board, the University of Houston System, or its component institutions and entities except as authorized by law.");
- § 135.55 ("The board may sue, and may be sued, in the name of the Texas State Technical College System, with venue being in either McLennan County or Travis County.").

TEX. FAM. CODE

- § 1.105(a) ("A spouse may sue and be sued without the joinder of the other spouse.");
- § 60.010 ("The [Interstate Commission for Juveniles] shall have the following powers and duties: ... 14. To sue and be sued.");

TEX. FIN. CODE

- § 93.001(c)(1) ("A savings bank may: (1) sue and be sued in its corporate name ....");
- § 123.102 ("A credit union may sue or be sued in the name of the credit union.");
- § 126.251 ("The credit union [in liquidation] may sue and be sued to enforce debts and obligations until its affairs are fully adjusted.");
- § 273.203 ("The [Texas Savings and Loan Supplemental Fund Corporation] may, consistent with the purposes of this chapter, exercise the powers of a nonprofit corporation created under the laws of this state, including the power to: ... (2) sue and be sued ...."),

TEX. GOV'T CODE

- § 81.014 ("The state bar may sue and be sued in its own name.");
- § 404.103 ("[T]he state expressly waives all defenses of governmental immunity by and on behalf of the [Texas Treasury Safekeeping Trust Company], the comptroller, and the state and expressly consents to sue and be sued in federal court or in any court of competent jurisdiction.");
- § 431.009(a)(2) ("A military unit mustered into the state military forces by authority of the governor is, from the time of its muster, a body corporate and politic, and may: ... (2) sue and be sued, plead and be impleaded, and prosecute and defend in court under its corporate name ....");
- § 435.013(b)(1) ("The [Texas Military Facilities Commission] may: (1) sue and be sued ....");
- § 510.017 ("The Interstate Commission [for Adult Offender Supervision] shall have all the responsibilities, powers and duties set forth in this com-

pact, including the power to sue and be sued ....");

- § 1232.067(3) ("The board [of the Texas Public Finance Authority] may: ... (3) sue and be sued in its corporate name ....");
- § 2301.032 ("A[ ] [Superconducting Super Collider Facility Research Authority] may sue and be sued.");
- § 2306.053(b)(1) ("The [Texas Department of Housing and Community Affairs] may: (1) sue and be sued, or plead and be impleaded ....");

## TEX. HEALTH & SAFETY CODE

- § 121.043(c)("(c) A public health district may sue and be sued.");
- § 262.021(b)(2)("(b) The [municipal hospital] authority may: ... (2) sue and be sued ....");
- § 264.021(b)(2)("(b)The [county hospital] authority may: ... (2) sue and be sued ....");
- § 265.035 ("The [joint county-municipal hospital] board may sue and be sued in its own name, capacity, and behalf.");
- § 281.056(a) ("The board [of a hospital district in certain counties] may sue and be sued. A health care liability claim ... may be brought against the district only in the county in which the district is established.");
- § 282.048("(a) The board [of a hospital district in certain counties] may sue and be sued on behalf of the district. (b) A suit against the district must be brought in the county in which the district is located.");
- § 283.052(a)("(a) The [hospital board in certain districts] may sue and be sued.");

- § 286.086 ("The board [of certain hospital districts] may sue and be sued on behalf of the district.");
- § 287.083 ("The board [of a health service district] may sue and be sued on behalf of the district.");
- § 288.107 ("Each [health care funding district in certain counties] may sue and be sued in its own name in any court of this state as a governmental agency.");
- § 289.107 ("Each [health care funding district in certain counties] may sue and be sued in its own name in any court of this state as a governmental agency.");
- § 290.107 ("Each [health care funding district in certain counties] may sue and be sued in its own name in any court of this state as a governmental agency.");
- § 403.006, sec. 3.05(5) ("The [Texas Low–Level Radioactive Waste Disposal Compact Commission] may ... [s]ue and be sued ....");
- § 576.001(b)(3)("(b) Unless a specific law limits a right under a special procedure, a patient has: ... (3) the right to sue and be sued ....");
- §§ 772.113(a), 772.213(a), and 772.313(a) ("The [emergency communication] district [in certain counties] is a public body corporate and politic, exercising public and essential governmental functions and having all the powers necessary or convenient to carry out the purposes and provisions of this subchapter, including the capacity to sue or be sued.");
- §§ 775.031(a)(4) and 776.031(a)(4)("(a) A[n] [emergency service] district [in certain counties] is a political subdivision of the state. To perform the functions of the district and to provide emergency services, a district may: ... (4) sue and be sued ....");

TEX. INS. CODE

- art. 21.28–C, § 8(h)(3) ("The [Texas Property and Casualty Insurance Guaranty Association] may: ... (3) sue or be sued ....");
- art. 21.28–D, § 8(v)(2) ("The [Life, Accident, Health, and Hospital Service Insurance Guaranty Association] may: ... (2) sue or be sued, including taking any legal actions necessary or proper ... to settle claims or potential claims against it ....").
- § 462.101(a)(3)("(a) The [Texas Property and Casualty Insurance Guaranty Association] may: ... (3) sue or be sued ....");
- § 463.101(a)(2) ("The [Life, Accident, Health, and Hospital Service Insurance Guaranty Association] may: ... sue or be sued ....");
- § 541.256 ("The court shall permit one or more members of a class to sue or be sued as representative parties on behalf of the class only if [certain conditions are met].");
- § 846.151(c) ("A multiple employer welfare arrangement may sue and be sued. An arrangement may: (1) complain and defend in any court ....");
- § 861.152(1) ("A general casualty company may: (1) sue or be sued in the name of the company ....");
- § 886.101 ("A local mutual aid association is a body corporate that may sue and be sued in its own name and exercise the other powers and functions specifically granted in this chapter, but not otherwise.");
- § 1501.307(b)(2) ("The [Texas Health Reinsurance System] may: ... (2) sue or be sued ....");
- § 1505.005(a) ("An unincorporated association, trust, or other organization formed under this subsection [to provide certain group health insurance] may sue and be sued in the name of the association, trust, or organization.");
- § 1506.108(a) ("The [Texas Health Insurance Risk Pool] may sue or be sued.");
- § 2602.101(a)(3) ("[T]he [Texas Title Insurance Guaranty Association] may: ... (3) sue and be sued ....");
- § 5001.002, art. IV(7) ("[T]he standing of any state insurance department to sue or be sued under applicable law shall not be affected [by proceedings brought by the Interstate Insurance Product Regulation Commission] ....").

TEX. LOC. GOV'T CODE

- § 51.013 ("The [type A general-law] municipality may sue and be sued, implead and be impleaded, and answer and be answered in any matter in any court or other place.");
- § 51.033 ("The [type B general-law] municipality may sue and be sued and may plead and be impleaded.");
- § 51.075 ("The [home-rule] municipality may plead and be impleaded in any court.");
- § 254.023(a) and (b)(7)("(a) A board [of trustees formed by a municipality to manage and control island property] is a body politic and corporate. (b) The board may: ... (7) sue and be sued in its own name ....");
- § 262.007(a), (d)-(e)("(a) A county that is a party to a written contract for engineering, architectural, or construction services or for goods related to engineering, architectural, or construction services may sue or be sued, plead or be impleaded, or defend or be defended on a claim arising under the contract.... (d) This section does not waive a defense or a limitation on

damages available to a party to a contract, other than a bar against suit based on sovereign immunity. (e) This section does not waive sovereign immunity to suit in federal court.");

• § 281.052 ("A[ ] [municipal civic center] authority may, through its directors, sue and be sued in any court of this state in the name of the authority. Service of process may be made by serving three directors.");

• § 293.026(a)(2)("(a) The [county building] authority may: ... (2) sue or be sued, implead or be impleaded, and complain or defend in court ....");

• § 303.041(a)(6) ("[A] [public facility] corporation has the rights and powers necessary or convenient to accomplish the corporation's purposes, including the power to: ... (6) sue and be sued in its corporate name ....");

• §§ 306.041(a), 320.048(a), 321.048(a), and 324.065 ("The [municipal park board in certain counties] may sue and be sued in its own name.");

• § 322.048 ("The [joint park board in certain counties] constitutes a body corporate and politic and may sue and be sued in its own name.");

• § 325.034(a), (c)("(a) The [county sports facility] district may, through its board, sue and be sued in any court of this state in the name of the district. Service of process in a suit may be had by serving the general manager.... (c) A court of this state that renders a money judgment against the district may require the board to pay the judgment from money in the district depository that is not dedicated to the payment of any indebtedness of the authority.");

• § 326.063(a) ("A district may sue and be sued in any court of this state in the name of the district.");

• § 327.161(a)-(b)("(a) A zoo board may sue and be sued. (b) In a suit against a zoo board, process may be served on a director or registered agent.");

• § 335.005 ("A [sports and community venue] district, through its board, may sue and be sued in any court of this state in the name of the district. Service of process on a district may be had by serving [certain specified persons].");

• § 336.158(a) ("A [multi-jurisdictional library] district may sue and be sued in any court of this state in the name of the district.");

• § 344.161 ("The board [of a fire control, prevention, and emergency medical services district] may sue and be sued in the name of the district.");

• § 351.134(b)-(c)("(b) The [jail] district may, through its board, sue and be sued in any court of this state in the name of the district. Service of process may be made by serving the general manager.... (c) A court of this state that renders a money judgment against the district may require the board to pay the judgment from the money of the district.");

• § 363.161 ("The board [of a crime control and prevention district] may sue and be sued in the name of the district.");

• § 375.092(c) ("A [municipal management] district may sue and be sued in courts of competent jurisdiction ....");

• § 379B.005(a) ("A[ ] [defense base development] authority may sue and be sued.");

• § 383.062 ("A [county development] district, after it is created and confirmed, through its directors may sue and be sued in any court of this state in the name of the district. Service of

process in any suit may be made by serving any two directors.");

- § 386.106 ("A [commercial and industrial] development zone may, through its directors, sue and be sued in this state in the name of the development zone. Service of process in a suit may be had by serving a director.");
- § 392.065(1) ("A[ ] [housing] authority may sue and be sued . . . .");
- § 394.033(a) ("A housing finance corporation may . . . sue and be sued, and complain and defend, under its corporate name.");
- § 396.065(a)(1) ("[T]he [Red River Redevelopment] [A]uthority may . . . sue and be sued, and plead and be impleaded, in its own name . . . .");
- § 431.027(a)(5)("(a) A[ ] [municipal parking] authority may: . . . (5) sue and be sued, implead and be impleaded, and complain and defend in court . . . .");

TEX. NAT. RES. CODE

- § 62.054 ("The [beach park] board of trustees may sue and be sued in its own name.");

TEX. PROB. CODE

- § 160(a) ("When no one has qualified as executor or administrator of the estate of a deceased spouse, the surviving spouse . . . has power to sue and be sued [regarding the community estate].");
- § 167 (when authorized, a surviving spouse "shall have the power to . . . sue and be sued with regard to [community property] . . .");

TEX. REV. CIV. STAT. ANN.

- art. 717r, § 3(f) ("The subdistrict [of a metropolitan water control and improvement district] shall sue and be sued in its own name . . . .");
- art. 1396–2.02(A)(2) (non-profit corporation "shall have power: . . . (2) To sue and be sued, complain and defend, in its corporate name");
- art. 1396–7.07(B) ("A receiver appointed by authority of this Act shall have authority to sue and be sued in all courts in his own name . . . .");
- art. 1528f, § 5(b) ("A[ ] [professional] association shall have power to sue and be sued, complain and defend in its association name.");
- art. 4477–7j, § 3.19(a), (c)("(a) The [Gaines County Solid Waste Management District] may, through its board, sue and be sued in any court of this state in the name of the district. Service of process in a suit may be had by serving the general manager or other officers appointed by the board. . . . (c) A court of this state that renders a money judgment against the district may require the board to pay the judgment from money in the district depository that is not dedicated to the payment of any indebtedness of the district.");
- art. 4477–7k, § 3.17(a), (c)("(a) The [Upper Sabine Valley Solid Waste Management District] may, through its board, sue and be sued in any court of this state in the name of the district. Service of process in a suit may be had by serving the general manager. . . . (c) A court of this state that renders a money judgment against the district may require the board to pay the judgment from money in the district depository that is not dedicated to the payment of any indebtedness of the district.");
- art. 5190.6, § 4D(i) ("A[n] [industrial development] corporation may sue and be sued.");

- art. 6132b–3.01(1) ("Unless restricted by applicable law, a partnership has the same powers as an individual or corporation to do all things necessary or convenient to carry out its business and affairs, including the power to: (1) sue and be sued, complain, and defend in its partnership name . . . .");
- art. 6132b–3.05(a) ("A partnership may sue and be sued in the name of the partnership.");
- art. 6133 ("Any unincorporated joint stock company or association, whether foreign or domestic, doing business in this State, may sue or be sued in any court of this State having jurisdiction of the subject matter in its company or distinguishing name; and it shall not be necessary to make the individual stockholders or members thereof parties to the suit.");
- art. 6138A, § 6.10(A)(2) ("[E]ach real estate investment trust shall have power: . . . (2) To sue and be sued, complain and defend, in its trust name.");
- art. 6341 ("Railroad corporations shall have the following other rights: 1. To have succession, and in their corporate name may sue and be sued, plead and be impleaded.");
- art. 6550c, § 5(c) ("A [rural rail transportation] district may sue and be sued in all courts of competent jurisdiction, may institute and prosecute suits without giving security for costs, and may appeal from a judgment without giving supersedeas or cost bond. An action at law or in equity against the district shall be brought in the county in which the principal office of the district is located, except that in eminent domain proceedings suit shall be brought in the county in which the land is located.");
- art. 6550c–1, § 4(c) ("A[n] [intermunicipal commuter rail] district may sue and be sued in all courts of competent jurisdiction . . . . An action at law or in equity against the district must be brought in the county in which a principal office of the district is located . . . .");
- art. 7847 ("Any [water control and preservation] district may by and through its directors sue and be sued in the name of such district . . . .");

TEX. SPEC. DISTS. CODE
- § 1001.115 ("The [Amarillo Hospital District], through the board, may sue and be sued in the name of the district.");
- § 1002.109 ("As a government agency, the [Angleton–Danbury Hospital District of Brazoria County] may sue and be sued in its own name in any court of this state.");
- § 1003.110 ("As a governmental agency, the [Booker Hospital District] may sue and be sued in its own name in any court of this state.");
- § 1004.115 ("The board [of the Ballinger Memorial Hospital District] may sue and be sued on behalf of the district.");
- § 1005.117 ("The board [of the Baylor County Hospital District] may sue and be sued on behalf of the district.");
- § 1006.111 ("The [Caprock Hospital District], through the board, may sue and be sued.");
- § 1008.116 ("The [Chillicothe Hospital District], through the board, may sue and be sued.");
- § 1009.113 ("The [Cochran Memorial Hospital District], through the board, may sue and be sued.");
- § 3001.120(a)-(b)("(a) The [Southeast Texas Agricultural Development Dis-

trict] may sue and be sued. (b) In a suit against the district, process may be served on a director or registered agent.");

- § 3501.102(b)(1) ("The [Lubbock Reese Redevelopment Authority] may exercise, on approval by and in coordination with the governor, any power necessary or convenient to accomplish a purpose of this chapter, including the power to: (1) sue and be sued, and plead and be impleaded, in its own name . . . .");
- § 3502.102(1) ("The [Westworth Village–White Settlement Redevelopment Authority] may exercise, on approval by and in coordination with the governor, all powers necessary or appropriate to carry out the purposes of this chapter, including the power to: (1) sue and be sued, and plead and be impleaded, in its own name . . . .");
- § 3503.101(b)(1) ("The [Red River Redevelopment Authority] may exercise any power or duty necessary or appropriate to carry out [certain projects] and the purposes of this chapter, including the power to: (1) sue and be sued, and plead and be impleaded, in its own name . . . .");
- § 3831.112(a)-(b)("(a) The [Temple Health and Bioscience Economic Development District] may sue and be sued. (b) Service of process in a suit may be made by serving any two directors.");
- § 8801.105(a) ("The [Harris–Galveston Coastal Subsidence District] may sue and be sued in the courts of this state in the name of the district by and through the board.");
- § 9501.004 ("The [Seawall Commission in Matagorda County] may sue and be sued in a court in this state.");

TEX. TRANSP. CODE

- § 54.053(b)(7) ("A board [of trustees appointed by a municipality to manage and control port improvements and facilities] may: . . . (7) sue and be sued in its own name . . . .");
- § 257.001(a) ("A county commissioners precinct or justice precinct operating under Chapter 1471, Government Code, or a road district is a body corporate and may sue or be sued in the same manner as a county.");
- § 366.033(e) ("A[ ] [regional tollway authority] . . . may sue and be sued and plead and be impleaded in its own name.");
- § 370.033(d) ("A[ ] [regional mobility] authority may sue and be sued and plead and be impleaded in its own name.");
- § 441.103(a), (c)("(a) A [road utility] district, through its board and in the name of the district, may sue and be sued in a state court. Process in a suit may be served on the presiding officer of the board. . . . (c) A state court that renders a money judgment against a district may require the board to pay the judgment from money in the district depository that is not dedicated to the payment of district indebtedness.");
- § 451.054(c) ("A[ ] [metropolitan rapid transit] authority may sue and be sued.");
- § 452.054(b) ("A[ ] [regional transportation] authority may sue and be sued.");
- § 460.103(b) ("A[ ] [coordinated county transportation] authority may sued and be sued.");

TEX. UTIL. CODE

- § 161.121(1) ("An electric cooperative may: (1) sue and be sued in its corporate name . . . .");

- § 161.252(b) ("A dissolved electric cooperative may sue and be sued in its corporate name.");
- § 162.121(1) ("A telephone cooperative may: (1) sue and be sued in its corporate name . . . .");
- § 162.302(b) ("A dissolved telephone cooperative may sue and be sued in its corporate name.");

TEX. WATER CODE
- § 19.052(a)(5) ("[T]he [Texas Deepwater Port] [A]uthority shall have the following specific powers and duties as to each individual deepwater port facility: . . . (5) to sue and be sued in its corporate name . . . .");
- § 20.022 ("The [Texas Water Resources Finance Authority] may sue and be sued in the courts of this state in the name of the authority . . . .");
- § 36.066(a) ("A [groundwater conservation] district may sue and be sued in the courts of this state in the name of the district by and through its board.");
- § 49.066("(a) A district [created under certain constitutional provisions, excluding certain other districts] may sue and be sued in the courts of this state in the name of the district by and through its board. A suit for contract damages may be brought against a district only on a written contract of the district approved by the district's board. . . . (b) Any court in the state rendering judgment for debt against a district may order the board to levy, assess, and collect taxes or assessments to pay the judgment. . . . (c) The president or the general manager of any district shall be the agent of the district on whom process, notice, or demand required or permitted by law to be served upon the district may be served.");
- § 61.082(a) ("The [navigation] district, by and through its commission, may sue and be sued in any court in this state in the name of the district.");
- § 62.078(a) ("A [navigation] district established under this chapter may, by and through the commission, sue and be sued in all courts of this state in the name of the district.");
- § 63.112(a) ("A [self-liquidating navigation] district established under this chapter may sue and be sued, by and through its commission, in any court in this state in the name of the district.");
- § 64.092(25) ("[T]he [water import] authority may exercise the following powers: . . . (25) sue and be sued . . . .");
- § 222.004(k) ("The [Lower Colorado River Authority] may sue and be sued in its corporate name.").

Justice JOHNSON, concurring in part and dissenting in part.

I agree with the Court that the plain and common meaning of the phrase "plead and be impleaded" does not reflect clear and unambiguous legislative intent to waive governmental immunity from suit, and that it does not reflect such intent in the context of TEX. LOC. GOV'T CODE § 51.075. At ——. I also agree that the meaning of statutory language that an entity may "sue and be sued" depends on its context. At ——. But, I agree with Justice O'Neill that we should not overrule *Missouri Pacific Railroad Co. v. Brownsville Navigation District*, 453 S.W.2d 812 (Tex.1970). At —— (O'Neill, J., dissenting).

In *Missouri Pacific* we considered whether the following language waived immunity from suit:

All navigation districts established under this Act may, by and through the navigation and canal commissioners, sue and be sued in all courts of this State in the name of such navigation district ....

453 S.W.2d at 813 (citation omitted). We acknowledged that there may be other language by which legislative intent to give consent to suit against a governmental entity might be more clearly expressed. *Id.* Nevertheless, we said that the language we were considering "is quite plain and gives general consent for [the] District to be sued" in the same manner as other defendants. *Id.* Our analysis was based on the plain language of the statute. We needed go no further, for "[w]hen a statute is clear and unambiguous, courts need not resort to rules of construction or extrinsic aids to construe it, but should give the statute its common meaning. The Legislature's intent is determined from the plain and common meaning of the words used." *See St. Luke's Episcopal Hosp. v. Agbor,* 952 S.W.2d 503, 505 (Tex.1997) (citations omitted).

As the Court notes in this case, some statutes use "sue and be sued" language, yet specifically provide that governmental immunity is not waived. *See* TEX. EDUC. CODE § 111.33 (providing that the Board of Regents of the University of Houston may "sue and be sued," but that "[n]othing in this section shall be construed as granting legislative consent for suits against the board ....."); *see also* TEX. HEALTH & SAFETY CODE § 403.006, art. 3, sec. 3.03. Legislative intent to preserve immunity by such plain language is clear. But, clarity of language preserving immunity does not diminish the clarity of language such as we interpreted

in *Missouri Pacific,* which waives immunity.

I would hold, in accordance with *Missouri Pacific,* that statutory language that a governmental entity may sue and be sued is clear and unambiguous consent for suit and that such language waives governmental immunity from suit unless the statute also contains language retaining immunity or the context otherwise demonstrates legislative intent to modify the plain meaning of the "sue and be sued" language.

I concur in the Court's judgment. I dissent from that part of the Court's opinion overruling *Missouri Pacific.*

Justice O'NEILL, dissenting.

For well over three decades, citizens have provided services to Texas municipalities under contracts this Court clearly held are enforceable in court if the statute that created the governmental entity provided it could "sue and be sued."[1] Since our holding, the Legislature has done what we said it should if it intends to waive immunity from suit, inserting that or similar language in at least eighty statutes authorizing or creating governmental entities. Today, in a sweeping reversal unfettered by the constraints of *stare decisis* or the deference due the Legislature by its longstanding acceptance of our decision, the Court judicially amends those statutes. The reason it gives for doing so, that the Legislature's intent to waive immunity should be more clearly expressed, was long ago urged and unanimously rejected by this Court. Such a cavalier approach to precedent is deeply disturbing. Absent a compelling reason to jettison established law, which the Court does not provide, I respectfully dissent.

---

1. I agree with the Court that this language is interchangeable with the "plead and be impleaded" language before us.

# I

### *Stare Decisis* and Legislative Acceptance

This Court's decision in *Missouri Pacific Railroad Co. v. Brownsville Navigation District* has stood as solid precedent for the past thirty-six years. 453 S.W.2d 812 (Tex.1970). There, a plaintiff railroad company sought indemnity under a written track agreement with the Brownsville Navigation District. We held that the phrase "sue and be sued" in a statute creating a subdivision of the state "is quite plain and gives general consent for [the navigation] District to be sued in the courts of Texas in the same manner as other defendants." *Id.* at 813. Before our decision, two Texas courts of civil appeals had similarly held that a sue-and-be-sued provision in a statute creating a governmental entity waived immunity from suit for breach of contract. *Cameron County Water Improvement Dist. No. 1 v. Hall,* 280 S.W. 838, 839 (Tex.Civ.App.-San Antonio 1925, writ ref'd); *Barnhart v. Hidalgo County Water Improvement Dist. No. 4,* 278 S.W. 499, 499–500 (Tex.Civ.App.-San Antonio 1925, writ ref'd) (stating "[t]here could be no plainer grant of power than is given by the right to sue and be sued."). The United States Supreme Court has reached the same conclusion, from as early as 1940 to as recently as 2004, and several times in between. *See, e.g., United States Postal Serv. v. Flamingo Indus. (USA) Ltd.,* 540 U.S. 736, 741, 124 S.Ct. 1321, 158 L.Ed.2d 19 (2004) (holding that "[t]he [Postal Reorganization Act of 1970] waives the immunity of the Postal Service from suit by giving it the power 'to sue and be sued in its official name' "); *FDIC v. Meyer,* 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (holding that "[b]y permitting FSLIC to sue and be sued, Congress effected a 'broad' waiver of FSLIC's immunity from suit" for cognizable claims); *Loeffler v. Frank,* 486 U.S. 549, 554–65, 108 S.Ct. 1965, 100 L.Ed.2d 549 (1988) (holding that a sue-and-be-sued clause effects a broad waiver of immunity from suit); *Fed. Hous. Admin. v. Burr,* 309 U.S. 242, 244–47, 60 S.Ct. 488, 84 L.Ed. 724 (1940) (holding that the words "sue and be sued" in a federal statute creating the Federal Housing Administration authorized suits against the Administration, including a garnishment action in state court); *see also Franchise Tax Bd. of Cal. v. United States Postal Serv.,* 467 U.S. 512, 516–25, 104 S.Ct. 2549, 81 L.Ed.2d 446 (1984).

Until just recently, no one doubted that when the Legislature said a municipality could "sue and be sued," the municipality's immunity from suit was waived unless another, more specific statute, such as the Texas Tort Claims Act, indicated otherwise. *See* TEX. CIV. PRAC. & REM. CODE § 101.001–.109. The reported appellate decisions bear out that, until just recently, cities and municipalities never even thought to raise immunity from suit when they were sued on a contract.[2] In

---

2. *See, e.g., City of Odessa v. Barton,* 967 S.W.2d 834 (Tex.1998) (swimming pool specialist sued for breach of employment contract); *City of Big Spring v. Ward,* 140 Tex. 609, 169 S.W.2d 151 (1943) (engineer sued for breach of contract to recover for engineering services); *City of Houston v. Finn,* 139 Tex. 111, 161 S.W.2d 776 (1942) (architect sued to recover for services rendered); *Flagship Hotel, Ltd. v. City of Galveston,* 117 S.W.3d 552 (Tex.App.-Texarkana 2003, pet.

denied) (lessee sued for breach of lease agreement); *Arredondo v. City of Dallas,* 79 S.W.3d 657 (Tex. App.-Dallas 2002, pet. denied) (firefighters sued for back wages pursuant to employment contract); *Johnson v. City of Dublin,* 46 S.W.3d 401 (Tex.App.-Eastland 2001, pet. denied) (former chief of police sued for breach of employment contract); *Tex. Indus., Inc. v. City of Dallas,* 1 S.W.3d 792 (Tex.App.-Eastland 1999, pet. denied) (lessor sued for breach of lease agreement for landfill opera-

those cases where governmental immunity was raised, the Court candidly acknowl-

edges, as it must, that until this recent foray by a single court of appeals,[3] the line

tions); *Mun. Admin. Servs., Inc. v. City of Beaumont*, 969 S.W.2d 31 (Tex.App.-Texarkana 1998, no pet.) (auditor sued for breach of contract to obtain a portion of settlement proceeds recovered as a result of the audit performed); *City of Beaumont v. Excavators & Constructors, Inc.*, 870 S.W.2d 123 (Tex.App.-Beaumont 1993, writ denied) (excavating contractor sued for breach of contract for inefficiency and delay damages); *City of Harker Heights v. Sun Meadows Land, Ltd.*, 830 S.W.2d 313 (Tex.App.-Austin 1992, no writ) (developers sued for breach of contract for damages and recovery of funds escrowed with the City); *City of Corpus Christi v. Bayfront Assocs.*, 814 S.W.2d 98 (Tex.App.-Corpus Christi 1991, writ denied) (developer sued for breach of lease agreement and breach of fiduciary duty, and City claimed immunity under Texas Tort Claims Act); *City of Terrell v. McFarland*, 766 S.W.2d 809 (Tex.App.-Dallas 1988, writ denied) (resident sued for breach of contract for failure to reimburse water and sewer line construction costs); *Cook v. City of Plano*, 656 S.W.2d 607 (Tex.App.-Dallas 1983, writ ref'd n.r.e.) (real estate broker sued for breach of exclusive agency agreement); *City of Baytown v. Bayshore Constructors, Inc.*, 615 S.W.2d 792 (Tex.Civ.App.-Houston [1st Dist.] 1980, writ ref'd n.r.e.) (contractor sued for breach of construction contract for failure to provide adequate plans and specifications); *Brodhead v. City of Forney*, 538 S.W.2d 873 (Tex.Civ.App.-Waco 1976, writ ref'd n.r.e.) (developer sued for breach of agreement to install water and sewer lines and to do street work); *B.L. Nelson & Assocs. v. City of Argyle*, 535 S.W.2d 906 (Tex.Civ.App.-Fort Worth 1976, writ ref'd n.r.e.) (engineers sued for breach of contract to recover for services rendered); *City of Nederland v. Callihan*, 299 S.W.2d 380 (Tex.Civ.App.-Beaumont 1957, writ ref'd n.r.e.) (developer sued for breach of contract to recover costs of laying water and sewer lines); *City of Kirbyville v. Smith*, 104 S.W.2d 564 (Tex.Civ.App.-Beaumont 1937, no writ) (attorney sued for services rendered); *Dale Oil & Refining Co. v. City of Tulia*, 25 S.W.2d 671 (Tex.Civ.App.-Amarillo 1930, no writ) (supplier sued for breach of contract to recover for sale of oil); *City of Orange v. Moore*, 246 S.W. 1099 (Tex.Civ.App.-Beaumont 1922, writ dism'd w.o.j.) (contractor sued for breach of construction contract); *City of Van Alstyne v. Morrison*, 33 Tex.

Civ.App. 670, 77 S.W. 655 (Tex.Civ.App.1903, no writ) (resident sued for breach of contract for termination of water supply).

3. *City of Carrollton v. McMahon Contracting, L.P.*, 134 S.W.3d 925, 928 (Tex.App.-Dallas 2004) (holding that the Supreme Court of Texas had never construed "plead and implead" as an unambiguous waiver of immunity and therefore declining to apply *Missouri Pacific* ), *rev'd on other grounds*, 197 S.W.3d 387, (Tex.2006) (per curiam); *City of Mesquite v. PKG Contracting, Inc.*, 148 S.W.3d 209 (Tex.App.-Dallas 2004), *rev'd on other grounds*, 197 S.W.3d 388, 2006 WL 1793304 (Tex.2006) (per curiam); *Satterfield & Pontikes Constr., Inc. v. Irving Indep. Sch. Dist.*, 123 S.W.3d 63, 66 (Tex.App.—Dallas 2003) (holding that "sue and be sued" was ambiguous at best and resolving the ambiguity in favor of retaining immunity), *rev'd on other grounds*, 197 S.W.3d 390, 2006 WL 1793473 (Tex.2006) (per curiam). The Court cites three courts of appeals that it says "have gone both ways" when confronted with the question of whether "sue and be sued" or "plead and be impleaded" in organic statutes waives immunity from suit. At 325, 339 n. 64. However, each of the three decisions the Court claims conflicts with *Missouri Pacific* actually do not. The first involved a tort claim under the Texas Tort Claims Act, not a breach of contract claim. *Jackson v. City of Galveston*, 837 S.W.2d 868, 869 (Tex. App–Houston [14th Dist.] 1992, pet. denied) (determining that Jackson's bad faith cause of action against the City was barred as a matter of law). The second involved various tort claims associated with an alleged rape, with a breach of contract claim argued only in the alternative; the decision never cites *Missouri Pacific*. *Townsend v. Mem'l Med. Ctr.*, 529 S.W.2d 264 (Tex.Civ.App.-Corpus Christi 1975, writ ref'd n.r.e.). That same court of appeals subsequently expressly followed *Missouri Pacific*. *Engelman Irrigation Dist. v. Shields Bros., Inc.*, 960 S.W.2d 343, 348 (Tex.App.-Corpus Christi 1997) (citing *Missouri Pacific* for the proposition that a "sue-and-be-sued" provision waived an irrigation district's immunity from suit), *pet. denied*, 989 S.W.2d 360 (Tex. 1998) (per curiam). Finally, the First Court of Appeals concluded, not surprisingly, that explicit language preserving immunity in sec-

of decisions adhering to *Missouri Pacific*'s holding was unbroken.[4]

This Court, too, has appropriately adhered to *Missouri Pacific*'s precedent. In 1997, we cited *Missouri Pacific* as authority for the proposition that "'sue and be sued' met the legislative permission [to sue] requirement." *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 408 (Tex.1997) (quoting *Missouri Pacific*, 453 S.W.2d at 813). And in 2002, the author of today's opinion said explicitly that "[f]or breach of contract claims, the Legislature has waived immunity in some instances," citing *Missouri Pacific* and *Federal Sign. Tex. A & M Univ.-Kingsville v. Lawson*, 87 S.W.3d 518, 521 (Tex.2002) (HECHT, J., plurality opinion). While "sue and be

sued" language was not at issue in *Lawson*, neither the dissenting nor the concurring justices took issue with the plurality opinion's discussion of *Missouri Pacific*.

Just four years ago, in *Travis County v. Pelzel & Associates, Inc.*, 77 S.W.3d 246 (Tex.2002), this Court held that a statute providing that "[a] person may not sue on a claim against a county unless the person has presented the claim to the commissioners court," TEX. LOC. GOV'T CODE § 89.004(a), did not waive immunity. 77 S.W.3d at 249. Our decision rested in part on the fact that the Legislature had deleted "sue and be sued" language from the statute at issue. *Id.* at 249–50. We noted that "the Legislature deleted the only lan-

---

tion 111.33 of the Education Code, inserted by the Legislature subsequent to the *Missouri Pacific* decision, indicated legislative intent to preserve immunity. Wolfgang *Hirczy de Mino v. Univ. of Houston*, No. 03–03–00311–CV, 2004 Tex.App. LEXIS 9045 (Tex.App.-Austin, Oct. 14, 2004, pet.denied).

**4.** *See, e.g., United Water Servs., Inc. v. City of Houston*, 137 S.W.3d 747, 751, 755 (Tex.App.—Houston [1st Dist.] 2004, pet. filed) (stating the language "sue and be sued" constitutes "explicit waiver language" under *Missouri Pacific* and waives governmental immunity from suit); *Alamo Cmty. Coll. Dist. v. Browning Constr. Co.*, 131 S.W.3d 146, 154 (Tex.App.—San Antonio 2004, pet dism'd by agr.) (holding the Legislature "clearly and unambiguously waived immunity for community college districts" through the use of the language "sue and be sued"); *City of Houston v. Clear Channel Outdoor, Inc.*, 161 S.W.3d 3, 7–8 (Tex.App.—Houston [14th Dist.] 2004) (either "sue and be sued" or "plead and be impleaded" waives sovereign immunity), *rev'd*, 197 S.W.3d 386, 2006 WL 1793299 (Tex.2006) (per curiam); *Goerlitz v. City of Midland*, 101 S.W.3d 573, 576–77 (Tex.App.—El Paso 2003, pet. filed) (city and state consented to suit by using the language "implead and be impleaded" in the City Charter and "sue and be sued" in section 51.075 of the Local Government Code, respectively); *Welch v. Coca–Cola Enter., Inc.*, 36 S.W.3d 532, 537–38 (Tex.App.—Tyler 2000, no pet.) (section

11.151(a) of the Education Code waived school district's immunity from suit by providing a school district may "sue and be sued"); *Bates v. Tex. State Technical Coll.*, 983 S.W.2d 821, 827 (Tex.App.—Waco 1998, pet. denied) (Legislature waived immunity from suit by providing that "[t]he board may sue, and may be sued, in the name of the Texas State Technical College System" in section 135.55 of the Education Code); *Engelman Irrigation Dist.*, 960 S.W.2d at 348 (Legislature provided "clear and unambiguous consent for the Irrigation District to be sued" by enacting statute which provided an irrigation district "may sue and be sued in the court of this state"); *Avmanco, Inc. v. City of Grand Prairie*, 835 S.W.2d 160, 165 (Tex.App.—Fort Worth 1992, writ dism'd) (city had no immunity from suit because its charter provided the city "may sue and be sued" and section 51.075 of the Local Government Code provided municipalities may "plead and be impleaded"); *Dillard v. Austin Indep. Sch. Dist.*, 806 S.W.2d 589, 594 (Tex.App.-Austin 1991, writ denied) (noting the "legislature has consented to suits against independent school districts" by providing they may "sue and be sued" in the Education Code); *Barnhart v. Hidalgo County Water Improvement Dist. No. 4*, 278 S.W. 499, 499–500 (Tex.Civ.App.—San Antonio 1925, writ ref'd) (holding statute providing irrigation districts may "sue and be sued" waived immunity from suit and allowed suit for damages for district's failure to supply water to appellant to irrigate his crops).

guage arguably waiving sovereign immunity, suggesting that it intended to preserve counties' immunity from suit," and cited *Missouri Pacific* in support of that proposition. *Id.* at 250. While we qualified our description of the "sue and be sued" language's meaning with the term "arguably," the clear import of our decision was that the deletion of "sue and be sued" was necessary to preserve counties' immunity. In any event, we never suggested that "sue and be sued" language was not sufficient to waive immunity or that the Legislature or citizens should not rely on *Missouri Pacific*. In fact, the following year, in *Wichita Falls State Hospital v. Taylor*, 106 S.W.3d 692 (2003), we said "we have little difficulty recognizing the Legislature's intent to waive immunity from suit when a statute provides that a state entity *may be sued* or that 'sovereign immunity to suit is waived.'" *Id.* at 696–97 (emphasis added) (quoting TEX. CIV. PRAC. & REM. CODE § 101.025(a)).

This is not the first time we have been asked to abandon precedent in favor of what later appeared to be a more reasonable statutory interpretation. In *Grapevine Excavation, Inc. v. Maryland Lloyds*, 35 S.W.3d 1 (Tex.2000), we considered a certified question from the United States Court of Appeals for the Fifth Circuit that asked whether an award of attorney's fees against an insurer in a breach-of-contract action was permissible under section 38 of the Texas Civil Practice and Remedies Code. Acknowledging potential merit in the insurer's reading of the statute, we nonetheless adhered to our contrary holding in a per curiam opinion that had been decided nineteen years earlier. *Id.* at 3–4 (citing *Prudential Ins. Co. v. Burke*, 621 S.W.2d 596 (Tex.1981) (per curiam)). We did so for two reasons that apply with equal force to this case. One, the Legislature had not substantially changed the statute since our decision and the decisions

of numerous courts of appeals that had followed it; therefore, we presumed that the Legislature had adopted the judicial interpretation. *Id.* at 5 (citations omitted). And two:

> More importantly, stare decisis demands the result we reach here. Stare decisis has its greatest force in statutory construction cases. Adhering to precedent fosters efficiency, fairness, and legitimacy. More practically, it results in predictability in the law, which allows people to rationally order their conduct and affairs. And, Texas appellate courts have predictably and consistently given section 38.006 the same construction for the past twenty years.

*Id.* (citations omitted). Fully joining the Court's opinion, Justices Gonzales and Enoch acknowledged that, were they construing the statute for the first time, they would agree with the insurer's interpretation. *Id.* (GONZALES, J., concurring). But each adhered to *stare decisis* absent compelling reasons to overrule established precedent. *Id.* at 5–6.

Like the Court, I too find the City of Mexia's argument in this case compelling, and I would likely join the Court's opinion if we were writing on a clean slate. But the principal argument the Court finds persuasive today is the same one the navigation district made, and the Court unanimously rejected, over thirty years ago:

> We submit that the provision of [the statute] that the district may sue and be sued in the name of the district is not a consent to suit. . . . these statutes relate to a district being plaintiff or defendant and provide such suit by or against one may be in the name of the district (ending doubt as to whether the Commissioners or other officials must be named)
> . . . .

Supplemental Brief of Respondent Brownsville Navigation District at 9, *Missouri Pacific*, 453 S.W.2d 812 (No. B–1848). That current members of the Court now find this same argument convincing is no reason to abandon *stare decisis*, which we have said "has its greatest force in the area of statutory construction." *James v. Vernon Calhoun Packing Co.*, 498 S.W.2d 160, 162 (Tex.1973) (citing *Marmon v. Mustang Aviation, Inc.*, 430 S.W.2d 182 (Tex.1968)).

## II

### Legislative Acceptance and Judicial Deference

When this Court decided *Missouri Pacific* in 1970, there were many statutes on the books that contained "sue-and-be-sued" language, just as there was in the navigation district statute that we considered.[5] After our decision, the Legislature did not amend the navigation district statute to indicate a contrary intent, nor did it amend any other statute to delete or modify the "sue-and-be-sued" language, which this Court said "is quite plain and gives general consent ... to be sued in the courts of Texas in the same manner as other defendants." *Missouri Pacific*, 453 S.W.2d at 813. Instead, during the very next legislative session, in 1971, the Legislature codified former article 8263h, section 46, which was the statute at issue in *Missouri Pacific*, as section 62.078 of the Water Code. Act of Mar. 29, 1971, 62nd Leg., R.S., ch. 58, §§ 1, 2, 1971 Tex. Gen. Laws 110, 611, 661 (codifying TEX. REV. CIV. STAT. art. 8263h, § 46, as TEX. WATER CODE § 62.078(a)). That section remains unchanged to this very day. TEX. WATER CODE § 62.078. It states that a "district established under this

chapter may, by and through the commission, sue and be sued in all courts of this state in the name of the district." *Id.* § 62.078(a). In the same 1971 session, the Legislature used the "sue-and-be-sued" language in three other enactments, which related to higher education authorities, Act of May 22, 1971, 62nd Leg., R.S., ch. 1024, § 1, 1971 Tex. Gen. Laws 3072, 3106 (current version at TEX. EDUC. CODE § 53.13), other navigation districts, Act of Mar. 29, 1971, 62nd Leg., R.S., ch. 58, § 1, 1971 Tex. Gen. Laws 110, 592 (current version at TEX. WATER CODE § 61.082(a)), and self-liquidating navigation districts, Act of Mar. 29, 1971, 62nd Leg., R.S., ch. 58, § 1, 1971 Tex. Gen. Laws 110, 640 (current version at TEX. WATER CODE 63.112(a)). Since then, in 1977, 1981, 1983, 1985, 1987, 1989, 1991, 1993, 1995, 1997, 1999, 2001, 2003, and 2005, the Legislature has enacted legislation authorizing or creating a wide variety of governmental entities, and employed the familiar "sue-and-be-sued" language that we said in *Missouri Pacific* waived immunity from suit. *See infra* app. B. We must presume that the Legislature was aware of our construction of the term in enacting those laws. *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 878–79 (Tex.2001). Furthermore, we have said that "'the Legislature must be regarded as intending statutes, when repeatedly re-enacted, as in the case here, to be given that interpretation which has been settled by the courts.'" *Wich v. Fleming*, 652 S.W.2d 353, 355 (Tex.1983) (quoting *Mustang Aviation*, 430 S.W.2d at 187). As Chief Justice Waite of the United States Supreme Court eloquently explained:

After a statute has been settled by judicial construction, the construction be-

---

**5.** Act of Feb. 19, 1925, 39th Leg., R.S., ch. 5, § 46, 1925 Tex. Gen. Laws 7, 21 (TEX.REV. CIV.STAT. art. 8263h, § 46) (current version at TEX. WATER CODE § 62.078(a)) (navigation districts); *see also infra* app. A.

comes ... as much a part of the statute as the text itself, and a change of decision is to all intents and purposes the same in its effect ... as an amendment of the law by means of a legislative enactment.

*Douglass v. County of Pike,* 101 U.S. 677, 687, 25 L.Ed. 968 (1879).

The question before us is not whether the Court's decision in *Missouri Pacific* was correct, but whether we should judicially amend the law that the Legislature, in its policy-making role, has enacted in reliance upon it. The Court's usurpation of the legislative function today belies our repeated acknowledgment that the contours of sovereign and governmental immunity are best shaped by the Legislature. *Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 854 (Tex.2002) (stating "[w]e have consistently deferred to the Legislature to waive sovereign immunity from suit, because this allows the Legislature to protect its policymaking function.") (citing *Hosner v. DeYoung,* 1 Tex. 764, 769 (1847)); *id.* at 861 (HECHT, J., concurring) ("[T]he Legislature is better suited than the Judiciary to weigh the policy and political concerns that inhere in determining whether the State should be immune from suit for breaching its contracts.").

The Court decides to overrule *Missouri Pacific* in part because the sue-and-be-sued language "means different things in different statutes." At 325, 342. The Court opines that upholding *Missouri Pacific* would render parts of several other statutes meaningless. *Id.* at 342. In support, the Court cites five statutes that contain "sue and be sued" language, three of which employ additional waiver language, TEX. EDUC. CODE § 76.04; TEX. GOV'T CODE § 404.103; TEX. LOC. GOV'T CODE § 262.007, and two of which explicitly preserve immunity from

suit. TEX. EDUC. CODE § 111.33; TEX. HEALTH & SAFETY CODE § 403.006. Presuming, as the Court decides, that these statutes do contain internal inconsistencies, surely these isolated examples do not justify the Court's wholesale amendment of over eighty statutes. *See infra* app. B. Even more disturbing, though, is the Court's troubling assumption that the Legislature had no idea what it was doing when fashioning and recodifying these statutes.

The three statutes in which the Court has discovered an apparent redundancy are hardly remarkable. Although the Legislature generally intends all words it uses to have meaning, the fact that it uses words with similar import twice does not create an internal conflict; there are occasions when statutory language repeats itself, as we have recognized. *In re City of Georgetown,* 53 S.W.3d 328, 336 (Tex.2001) (stating "[T]he Legislature repeated itself out of an abundance of caution, for emphasis, or both.") And the two statutes that employ sue-and-be-sued language yet explicitly preserve immunity prove only that the Legislature knows how to preserve immunity when it so desires, not that the Legislature had no idea what it was doing.

## III

### Recent Legislative Action

In support of its decision today, the Court cites House Bill 2039, a 2005 enactment that codified Local Government Code sections 271.151–.160 and provided for limitations on awards for breach of contract claims against local governmental entities. The Court contends that "the holding of *Missouri Pacific* is inconsistent with the Legislature's more recent limited waivers of immunity from suit on contract claims," and that the legislative scheme to handle such claims "would be disrupted if 'sue and

be sued' clauses in organic statutes waived immunity from suit." At 325, 342. House Bill 2039's legislative history, however, demonstrates just how far the Court's gloss on post-*Missouri Pacific* legislative enactments deviates from the Legislature's clear belief that "sue and be sued" waives a governmental entity's immunity from contract-based suits. In truth, House Bill 2039 was enacted specifically to counteract those recent appellate court decisions finding "sue and be sued" language ambiguous, as the Court holds today. The Committee Report for House Bill 2039 explained:

> Until recently, well established case law followed the plain meaning of [sue and be sued] and interpreted those provisions to constitute a waiver of immunity from suit in cases arising from breach of contract. See, for example, the 1970 Texas Supreme Court opinion in *Missouri Pacific* . . . .
>
> Several recent Texas Courts of Appeal decisions have ignored prior Texas case law and have disregarded the plain meaning of statutes by holding that they do not constitute a statutory waiver of immunity from suit in cases arising from breach of contract.

HOUSE COMM. ON CIVIL PRACTICES, BILL ANALYSIS, Tex. H.B.2039, 79th Leg., R.S. (2005); *see also* SEN. COMM. ON STATE AFFAIRS, BILL ANALYSIS, Tex. H.B.2039, 79th Leg., R.S. (2005). It is this legislatively disapproved handful of recent appellate court decisions that the Court today interprets as creating an ambiguity in the meaning of "sue and be sued." 325, at 338 n. 61. The House Committee report emphasizes that House Bill 2039 is

> intended to clarify and re-express the Legislature's intent that all local governmental entities that have been given or are given statutory authority to enter

into contracts shall not be immune from suits arising from those contracts, subject to the limitations set forth in C.S.H.B.2039.

HOUSE COMM. ON CIVIL PRACTICES, BILL ANALYSIS, Tex. H.B.2039, 79th Leg., R.S. (2005). To suggest, as the Court does, that *Missouri Pacific* no longer comports with legislative intent regarding immunity from suit is directly contrary to the intent the Legislature expressed in its subsequent legislative enactments. Since the Legislature has again emphasized that "sue and be sued" is a clear and unambiguous waiver of immunity from suit, this Court does no service to the stability of the law by overruling *Missouri Pacific* today.

 ✳ ✳ ✳ ✳ ✳ ✳

This Court's holding in *Missouri Pacific* was clear and direct; the presence of "sue and be sued" language in a statute creating a governmental entity waives immunity from suit. The Court today presents no compelling reason to overrule such firmly established precedent, upon which the Legislature and citizens have relied for well over three decades. From this perilous course, I respectfully dissent.

### Appendix A

**Pre–1971 Statutes**

Act approved Mar. 15, 1875, 14th Leg., R.S., ch. 100, § 1a, 1875 Tex. Gen. Laws 485, 486 (current version at TEX. LOC. GOV'T CODE § 51.013) (municipalities).

Act effective July 14, 1905, 29th Leg., R.S., ch. 104, § 54, 1905 Tex. Gen. Laws 167, 181 (current version at TEX. GOV'T CODE § 431.009(a)(2)) (state militia units).

Act effective July 14, 1905, 29th Leg., R.S., ch. 124, § 69, 1905 Tex. Gen. Laws 263, 281, *repealed by* Act of June 2, 1969, 61st Leg., R.S., ch 889, § 2, 1969 Tex. Gen. Laws 2735, 3024 (reenacted as TEX.

EDUC. CODE § 22.08(b)), *repealed by* Act of May 27, 1995, 74th Leg., R.S., ch. 260, § 58(a)(1), 1995 Tex. Gen. Laws 2207, 2498 (school districts).

Act approved Mar. 23, 1907, 30th Leg., R.S., ch. 40, § 53, 1907 Tex. Gen. Laws 78, 91 (current version at TEX. WATER CODE § 49.066(a)) (drainage districts).

Act approved Feb. 20, 1909, 31st Leg., R.S., ch. 15, § 41, 1909 Tex. Gen. Laws 32, 45 (current version at TEX. WATER CODE § 61.082(a)) (navigation districts).

Act approved Mar. 19, 1909, 31st Leg., R.S., ch. 85, § 54, 1909 Tex. Gen. Laws 140, 154–55 (current version at TEX. WATER CODE § 49.066(a)) (levee improvement districts).

Act approved Apr. 2, 1918, 35th Leg., 4th C.S., ch. 43, § 49, 1918 Tex. Gen. Laws 74, 95 (TEX. WATER AUX. LAWS art. 7847), *repealed except as to districts created under the Act by* Act of May 10, 1983, 68th Leg., R.S., ch. 235, art. 8, § 3, 1983 Tex. Gen. Laws 983, 1045 (water control and preservation districts).

Act of July 17, 1919, 36th Leg., 2d C.S., ch. 28, § 23, 1919 Tex. Gen. Laws 65, 70 (current version at TEX. WATER CODE § 49.066(a)) (water improvement districts).

Act effective Feb. 19, 1925, 39th Leg., R.S., ch. 5, § 46, 1925 Tex. Gen. Laws 7, 21 (current version at TEX. WATER CODE § 62.078(a)) (navigation districts).

Act effective June 17, 1925, 39th Leg., R.S., ch. 25, §§ 51, 137, 1925 Tex. Gen. Laws 86, 98, 131 (current version at TEX. WATER CODE § 49.066(a)) (water control and improvement districts).

Act approved Oct. 18, 1926, 39th Leg., 1st C.S., ch. 16, § 20, 1926 Tex. Gen. Laws 23, 27 (current version at TEX. TRANSP. CODE § 257.001) (retaining language added in 1983, which limits districts' tort liability to the terms of the Texas Tort Claims Act) (road districts).

Act effective May 15, 1929, 41st Leg., R.S., ch. 290, § 20, 1929 Tex. Gen. Laws 648, 654, *repealed by* Act of June 2, 1969, 61st Leg., R.S. ch. 889, § 2, 1969 Tex. Gen. Laws 2735, 3024 (junior college districts).

Act approved Sept. 21, 1932, 42nd Leg., 3rd C.S., ch. 27, § 75, 1932 Tex. Gen. Laws 63, 86 (current version at TEX. WATER CODE 63.112(a)) (self-liquidating navigation districts).

Act of Nov. 10, 1934, 43rd Leg., 4th C.S., ch. 7, § 2(j), 1934 Tex. Gen. Laws 19, 21 (current version at TEX. WATER CODE § 222.004(k)) (Lower Colorado River Authority).

Act of May 4, 1935, 44th Leg., R.S., ch. 337, § 5(f), 1935 Tex. Gen. Laws 771, 773 (current version at TEX. AGRIC. CODE § 202.022(4)) (wind erosion districts).

Act of May 21, 1937, 45th Leg., R.S., ch. 462, § 8(a), 1937 Tex. Gen. Laws 1144, 1149 (current version at TEX. LOC. GOV'T CODE § 392.065(1)) (housing authorities).

Act of Apr. 6, 1939, 46th Leg., R.S., ch. 1, § 2, 1939 Tex. Gen. Laws 64, 64 (current version at TEX. GOV'T CODE § 81.014) (state bar).

Act of Apr. 11, 1939, 46th Leg., R.S., ch. 3, § 13, 1939 Tex. Gen. Laws 7, 29 (current version at TEX. AGRIC. CODE § 201.101(a)(1)) (soil and water conservation districts).

Act of May 10, 1951, 52nd Leg., R.S., ch. 304, § 1, 1951 Tex. Gen. Laws 486, 489 (current version at TEX. LOC. GOV'T CODE § 321.048(a)) (county boards of park commissioners).

Act of Apr. 24, 1957, 55th Leg., R.S., ch. 199, §§ 7, 33(f), 1957 Tex. Gen. Laws 406, 409, 415 (current version at TEX. HEALTH & SAFETY CODE § 282.048(a)) (county hospital districts).

Act of May 14, 1957, 55th Leg., R.S., ch. 482, § 7(a), 1957 Tex. Gen. Laws 1398, 1402 (current version at TEX. HEALTH & SAFETY CODE § 283.052(a)) (optional hospital districts).

Act of May 17, 1957, 55th Leg., R.S., ch. 472, § 3, 1957 Tex. Gen. Laws 1379, 1379 (current version at TEX. HEALTH & SAFETY CODE § 262.021(b)(2)) (municipal hospital authorities).

Act of Nov. 11, 1957, 55th Leg., 1st C.S., ch. 7, § 11, 1957 Tex. Gen. Laws 7, 9 (current version at TEX. LOC. GOV'T CODE § 320.048(a)) (county board of park commissioners).

Act of April 15, 1959, 56th Leg., R.S., ch. 137, § 11, 1959 Tex. Gen. Laws 234, 236 (current version at TEX. LOC. GOV'T CODE § 322.048) (joint board of park commissioners).

Act of July 16, 1959, 56th Leg., 2d C.S., ch. 25, § 9(a), 1959 Tex. Gen. Laws 126, 128 (current version at TEX. LOC. GOV'T CODE § 293.026(a)(2)) (county building authorities).

Act of May 23, 1961, 57th Leg., R.S., ch. 370, § 3, 1961 Tex. Gen. Laws 811, 812 (current version at TEX. EDUC. CODE § 111.33), *amended by* Act of May 15, 1985, 69th Leg., R.S., ch. 378, § 1, 1985 Tex. Gen. Laws 1466, 1466 (adding statement " [n]othing in this section shall be construed as granting legislative consent for suits") (University of Houston).

Act of Feb. 1, 1962, 57th Leg., 3rd C.S., ch. 33, § 7(j), 1962 Tex. Gen. Laws 94, 96 (current version at TEX. LOC. GOV'T CODE § 306.041(a)) (park boards of trustees).

Act of Apr. 18, 1963, 58th Leg., R.S., ch. 122, § 3, 1963 Tex. Gen. Laws 324 (current version at TEX. HEALTH & SAFETY CODE § 264.021(b)(2)) (county hospital authorities).

Act of May 20, 1965, 59th Leg., R.S., ch. 511, § 2, 1965 Tex. Gen. Laws 1030, 1031 (current version at TEX. HEALTH & SAFETY CODE § 265.035) (joint municipal and county hospitals).

Act of Apr. 27, 1967, 60th Leg., R.S., ch. 186, § 1, 1967 Tex. Gen. Laws 415, 416 (current version at TEX. GOV'T CODE § 435.013(b)(1)) (Texas National Guard).

Act of Apr. 24, 1969, 61st Leg., R.S., ch. 179, § 3, 1969 Tex. Gen. Laws 515, 515 (current version at TEX. EDUC. CODE § 135.55) (Texas State Technical Institute).

Act of May 27, 1969, 61st Leg., R.S., ch. 571, § 3, 1969 Tex. Gen. Laws 1734, 1735 (current version at TEX. EDUC. CODE § 53.13) (higher education authorities).

Act of June 2, 1969, 61st Leg., R.S., ch 889, § 1, 1969 Tex. Gen. Laws 2735, 2835 (codified as TEX. EDUC. CODE § 17.21(a)), *repealed by* Act of May 27, 1995, 74th Leg., R.S., ch. 260, § 58(a)(1), 1995 Tex. Gen. Laws 2207, 2498 (county school trustees and county boards of education).

Act of June 2, 1969, 61st Leg., R.S., ch 889, § 1, 1969 Tex. Gen. Laws 2735, 2953–54 (current version at TEX. EDUC. CODE § 11.151(a)) (independent school district boards of trustees).

Act of June 2, 1969, 61st Leg., R.S., ch 889, § 1, 1969 Tex. Gen. Laws 2735, 2980 (codified as TEX. EDUC. CODE § 26.61), *repealed by* Act of May 27, 1995, 74th Leg., R.S., ch. 260, § 58(a)(1), 1995 Tex. Gen. Laws 2207, 2498 (rehabilitation districts).

Act of Sept. 8, 1969, 61st Leg., 2d C.S., ch. 20, § 7(j), 1969 Tex. Gen. Laws 136, 138 (current version at TEX. NAT. RES. CODE § 62.054) (beach park boards of trustees).

Act of May 26, 1953, 53rd Leg., R.S., ch. 266, 1953 Tex. Gen. Laws 691, *amended to include "sue and be sued" by* Act of May 5, 1955, 54th Leg. R.S., ch. 257, § 1, 1955

Tex. Gen. Laws 715, 719 (current version at TEX. HEALTH & SAFETY CODE § 281.056(a)) (county hospital districts).

## Appendix B

### Post–1971 Statutes

Act of May 24, 1977, 65th Leg., R.S., ch. 871, § 1, 1977 Tex. Gen. Laws 2345, 2495 (current version at TEX. NAT. RES. CODE § 62.054) (beach park boards of trustees).

Act of July 21, 1977, 65th Leg., 1st C.S., ch. 5, § 1, 1977 Tex. Gen. Laws 59, 64 (current version at TEX. WATER CODE § 19.052(a)(5)) (Texas Deepwater Port Authority).

Act of May 26, 1979, 66th Leg., R.S., ch. 816, § 1, 1979 Tex. Gen. Laws 2085, 2094 (current version at TEX. WATER CODE § 64.092(25)) (water import authorities).

Act of May 22, 1981, 67th Leg., R.S., ch. 388, § 1, 1981 Tex. Gen. Laws 1012, 1472 (current version at TEX. AGRIC. CODE § 201.101(a)(1)) (soil and water conservation districts).

Act of May 22, 1981, 67th Leg., R.S., ch. 388, § 1, 1981 Tex. Gen. Laws 1012, 1484 (current version at TEX. AGRIC. CODE § 202.022(4)) (wind erosion districts).

Act of May 30, 1981, 67th Leg., R.S., ch. 623, § 5(c), 1981 Tex. Gen. Laws 2434, 2436 (current version at TEX. REV. CIV. STAT. art. 6550c, § 5(c)) (rural rail transportation districts).

Act of May 20, 1983, 68th Leg., R.S., ch. 702, § 3(f), 1983 Tex. Gen. Laws 4370, 4375 (current version at TEX. REV. CIV. STAT. art. 717r, § 3(f)) (metropolitan water control and improvement subdistricts).

Act of Apr. 30, 1987, 70th Leg., R.S., ch. 147, § 1, 1987 Tex. Gen. Laws 316, 418 (current version at TEX. GOV'T CODE § 431.009(a)(2)) (state militia).

Act of Apr. 30, 1987, 70th Leg., R.S., ch. 147, § 1, 1987 Tex. Gen. Laws 316, 476 (amended 1997) (current version at TEX. GOV'T CODE § 435.013(b)(1)) (Texas National Guard).

Act of Apr. 30, 1987, 70th Leg., R.S., ch. 148, § 3.01, 1987 Tex. Gen. Laws 534, 596 (current version at TEX. GOV'T CODE § 81.014) (state bar).

Act of May 1, 1987, 70th Leg., R.S., ch. 149, § 1, 1987 Tex. Gen. Laws 707, 768 (current version at TEX. LOC. GOV'T CODE § 51.013) (Type A general-law municipalities).

Act of May 1, 1987, 70th Leg., R.S., ch. 149, § 1, 1987 Tex. Gen. Laws 707, 769 (current version at TEX. LOC. GOV'T CODE § 51.033) (Type B general-law municipalities).

Act of May 1, 1987, 70th Leg., R.S., ch. 149, § 1, 1987 Tex. Gen. Laws 707, 770 (current version at TEX. LOC. GOV'T CODE § 51.075) (home-rule municipalities).

Act of May 1, 1987, 70th Leg., R.S., ch. 149, § 1, 1987 Tex. Gen. Laws 707, 1066 (current version at TEX. LOC. GOV'T CODE § 281.052) (municipal civic center authorities).

Act of May 1, 1987, 70th Leg., R.S., ch. 149, § 1, 1987 Tex. Gen. Laws 707, 1079 (current version at TEX. LOC. GOV'T CODE § 293.026(a)(2)) (county building authorities).

Act of May 1, 1987, 70th Leg., R.S., ch. 149, § 1, 1987 Tex. Gen. Laws 707, 1089 (current version at TEX. LOC. GOV'T CODE § 306.041(a)) (park boards of trustees).

Act of May 1, 1987, 70th Leg., R.S., ch. 149, § 1, 1987 Tex. Gen. Laws 707, 1106 (current version at TEX. LOC. GOV'T CODE § 320.048(a)) (park boards of trustees).

Act of May 1, 1987, 70th Leg., R.S., ch. 149, § 1, 1987 Tex. Gen. Laws 707, 1115

(current version at TEX. LOC. GOV'T CODE § 321.048(a)) (county boards of parks commissioners).

Act of May 1, 1987, 70th Leg., R.S., ch. 149, § 1, 1987 Tex. Gen. Laws 707, 1123 (current version at TEX. LOC. GOV'T CODE § 322.048) (joint boards of parks commissioners).

Act of May 1, 1987, 70th Leg., R.S., ch. 149, § 1, 1987 Tex. Gen. Laws 707, 1213 (current version at TEX. LOC. GOV'T CODE § 392.065(1)) (housing authorities).

Act of May 1, 1987, 70th Leg., R.S., ch. 149, § 1, 1987 Tex. Gen. Laws 707, 1268 (current version at TEX. LOC. GOV'T CODE § 431.027(a)(5)) (municipal parking authorities).

Act of July 20, 1987, 70th Leg., 2d C.S., ch. 32, art. 2, § 1, 1987 Tex. Gen. Laws 108, 115 (current version at TEX. AGRIC. CODE § 58.022(2)) (agricultural finance authorities).

Act of Feb. 21, 1989, 71st Leg., R.S., ch. 1, § 71(a), 1989 Tex. Gen. Laws 1, 77 (current version at TEX. LOC. GOV'T CODE § 324.065) (park districts).

Act of Feb. 21, 1989, 71st Leg., R.S., ch. 1, § 74(a), 1989 Tex. Gen. Laws 1, 88 (current version at TEX. LOC. GOV'T CODE § 351.134(b)) (county jail districts).

Act of May 18, 1989, 71st Leg., R.S., ch. 678, § 1, 1989 Tex. Gen. Laws 2230, 2507 (current version at TEX. HEALTH & SAFETY CODE § 262.021(b)(2)) (municipal hospital authorities).

Act of May 18, 1989, 71st Leg., R.S., ch. 678, § 1, 1989 Tex. Gen. Laws 2230, 2525 (current version at TEX. HEALTH & SAFETY CODE § 264.021(b)(2)) (county hospital authorities).

Act of May 18, 1989, 71st Leg., R.S., ch. 678, § 1, 1989 Tex. Gen. Laws 2230, 2535 (current version at TEX. HEALTH & SAFETY CODE § 265.035) (joint county-municipal hospital boards).

Act of May 18, 1989, 71st Leg., R.S., ch. 678, § 1, 1989 Tex. Gen. Laws 2230, 2545 (current version at TEX. HEALTH & SAFETY CODE § 281.056(a)) (hospital districts).

Act of May 18, 1989, 71st Leg., R.S., ch. 678, § 1, 1989 Tex. Gen. Laws 2230, 2553 (current version at TEX. HEALTH & SAFETY CODE § 282.048(a)) (county hospital districts).

Act of May 18, 1989, 71st Leg., R.S., ch. 678, § 1, 1989 Tex. Gen. Laws 2230, 2562 (current version at TEX. HEALTH & SAFETY CODE § 283.052(a)) (optional hospital districts).

Act of May 18, 1989, 71st Leg., R.S., ch. 678, § 1, 1989 Tex. Gen. Laws 2230, 3053 (current version at TEX. HEALTH & SAFETY CODE § 772.113(a)) (emergency communication districts).

Act of May 18, 1989, 71st Leg., R.S., ch. 678, § 1, 1989 Tex. Gen. Laws 2230, 3060 (current version at TEX. HEALTH & SAFETY CODE § 772.213(a)) (emergency communication districts).

Act of May 18, 1989, 71st Leg., R.S., ch. 678, § 1, 1989 Tex. Gen. Laws 2230, 3088 (current version at TEX. HEALTH & SAFETY CODE § 775.031(a)(4)) (emergency services districts).

Act of May 18, 1989, 71st Leg., R.S., ch. 678, § 1, 1989 Tex. Gen. Laws 2230, 3101 (current version at TEX. HEALTH & SAFETY CODE § 776.031(a)(3)) (emergency services districts).

Act of May 26, 1989, 71st Leg., R.S., ch. 437, § 1, 1989 Tex. Gen. Laws 1584, 1586 (current version at TEX. LOC. GOV'T CODE § 325.034(a)) (county sports facility district).

Act of May 29, 1989, 71st Leg., R.S., ch. 1094, § 2, 1989 Tex. Gen. Laws 4477, 4486 (current version at TEX. INS. CODE

ANN. art. 3.77, § 6(b)(3)) (Texas Health Insurance Risk Pool).

Act of Mar. 21, 1991, 72nd Leg., R.S., ch. 14, § 121, 1991 Tex. Gen. Laws 42, 116 (current version at TEX. HEALTH & SAFETY CODE § 286.086) (hospital districts).

Act of Mar. 25, 1991, 72nd Leg., R.S., ch. 16, § 13.05(a), 1991 Tex. Gen. Laws 244, 354 (current version at TEX. LOC. GOV'T CODE § 375.092(c)) (municipal management districts).

Act of May 4, 1993, 73rd Leg., R.S., ch. 268, § 1, 1993 Tex. Gen. Laws 583, 876 (current version at TEX. GOV'T CODE § 2301.032) (Superconducting Super Collider Facility Research Authority).

Act of May 4, 1993, 73rd Leg., R.S., ch. 268, § 1, 1993 Tex. Gen. Laws 583, 927 (current version at TEX. GOV'T CODE § 2306.053(b)(1)) (Texas Department of Housing and Community Affairs).

Act of May 19, 1993, 73rd Leg., R.S., ch. 369, § 1, 1993 Tex. Gen. Laws 1656, 1659 (codified at TEX. WATER CODE § 151.037(a)), *repealed effective Apr. 1, 2005, by* Act of May 20, 2003, 78th Leg., R.S., ch. 1277, § 6(19), 2003 Tex. Gen. Laws 4454, 4654 (Harris–Galveston Coastal Subsidence District).

Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 1, 1995 Tex. Gen. Laws 1025, 1186 (current version at TEX. TRANSP. CODE § 257.001) (limiting districts' tort liability to the terms of the Texas Tort Claims Act) (road districts).

Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 1, 1995 Tex. Gen. Laws 1025, 1348 (current version at TEX. TRANSP. CODE § 441.103(a)) (road utility districts).

Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 1, 1995 Tex. Gen. Laws 1025, 1362 (current version at TEX. TRANSP. CODE § 451.054(c)) (metropolitan rapid transit authorities).

Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 1, 1995 Tex. Gen. Laws 1025, 1402 (current version at TEX. TRANSP. CODE § 452.054(b)) (regional transportation authorities).

Act of May 25, 1995, 74th Leg., R.S., ch. 715, § 2, 1995 Tex. Gen. Laws 3755, 3760 (current version at TEX. WATER CODE § 49.066(a)) (general law districts).

Act of May 27, 1995, 74th Leg., R.S., ch. 260, § 1, 1995 Tex. Gen. Laws 2207, 2227 (current version at TEX. EDUC. CODE § 11.151(a)) (independent school district boards of trustees).

Act of May 27, 1995, 74th Leg., R.S., ch. 260, § 1, 1995 Tex. Gen. Laws 2207, 2443 (current version at TEX. EDUC. CODE § 45.152(b)) (athletic stadium authorities).

Act of May 28, 1995, 74th Leg., R.S., ch. 1032, § 1, 1995 Tex. Gen. Laws 5111, 5115 (current version at TEX. EDUC. CODE § 54.618(b)(3)) (prepaid higher education tuition program).

Act of May 29, 1995, 74th Leg., R.S., ch. 933, § 2, 1995 Tex. Gen. Laws 4673, 4686 (current version at TEX. WATER CODE § 36.066(a)) (groundwater conservation districts).

Act of May 28, 1995, 74th Leg., R.S., ch. 995, § 5, 1995 Tex. Gen. Laws 4990, 4996 (current version at TEX. LOC. GOV'T CODE § 383.062) (county development districts).

Act of May 8, 1997, 75th Leg., R.S., ch. 165, § 23.03, 1997 Tex. Gen. Laws 327, 509 (current version at TEX. LOC. GOV'T CODE § 363.161) (crime control and prevention districts).

Act of May 30, 1997, 75th Leg., R.S., ch. 1204, § 1, 1997 Tex. Gen. Laws 4621, 4625 (current version at TEX. LOC. GOV'T CODE § 326.063(a)) (library districts).

Act of June 1, 1997, 75th Leg., R.S., ch. 1171, § 7.24, 1997 Tex. Gen. Laws 4427,

4471 (current version at TEX. TRANSP. CODE § 366.033(e)) (regional tollway authorities).

Act of Apr. 23, 1999, 76th Leg., R.S., ch. 62, § 13.10(a), 1999 Tex. Gen. Laws 127, 344 (current version at TEX. SPEC. DIST. CODE § 3501.102(b)(1)) (Lubbock Reese Redevelopment Authority).

Act of Apr. 23, 1999, 76th Leg., R.S., ch. 62, § 13.10(a), 1999 Tex. Gen. Laws 127, 347 (current version at TEX. SPEC. DIST. CODE § 3502.102(1)) (Westworth Village–White Settlement Redevelopment Authority).

Act of Apr. 23, 1999, 76th Leg., R.S., ch. 62, § 13.10(a), 1999 Tex. Gen. Laws 127, 349 (current version at TEX. LOC. GOV'T CODE § 396.065(a)(1)) (Red River Redevelopment Authority).

Act of May 10, 1999, 76th Leg., R.S., ch. 227, § 1, 1999 Tex. Gen. Laws 721, 761 (current version at TEX. GOV'T CODE § 1232.067(3)) (Texas Public Finance Authority).

Act of May 10, 1999, 76th Leg., R.S., ch. 227, § 9, 1999 Tex. Gen. Laws 721, 1002 (current version at TEX. LOC. GOV'T CODE § 254.023(b)(7)) (island property boards of trustees).

Act of May 10, 1999, 76th Leg., R.S., ch. 227, § 20, 1999 Tex. Gen. Laws 721, 1033 (current version at TEX. TRANSP. CODE § 54.053(b)(7)) (port boards of trustees).

Act of May 26, 1999, 76th Leg., R.S., ch. 1578, § 1, 1999 Tex. Gen. Laws 5413, 5415 (current version at TEX. SPEC. DIST. CODE § 3001.120(a)) (Southeast Texas Agricultural Development District).

Act of May 30, 1999, 76th Leg., R.S., ch. 1221, § 1, 1999 Tex. Gen. Laws 4250, 4251 (current version at TEX. LOC. GOV'T CODE § 379B.005(a)) (defense base development authorities).

Act of May 30, 1999, 76th Leg., R.S., ch. 1293, § 1, 1999 Tex. Gen. Laws 4429, 4434 (current version at TEX. HEALTH & SAFETY CODE § 287.083) (health services districts).

Act of May 17, 2001, 77th Leg., R.S., ch. 1390, § 1, 2001 Tex. Gen. Laws 3576, 3580 (current version at TEX. LOC. GOV'T CODE § 386.106) (commercial and industrial development zones).

Act of May 22, 2001, 77th Leg., R.S., ch. 1393, § 1, 2001 Tex. Gen. Laws 3584, 3589 (current version at TEX. AGRIC. CODE § 60.060(a)) (agricultural development districts).

Act of May 24, 2001, 77th Leg., R.S., ch. 1295, § 1, 2001 Tex. Gen. Laws 3125, 3131 (current version at TEX. LOC. GOV'T CODE § 344.161) (fire control, prevention, and emergency medical services districts).

Act of May 25, 2001, 77th Leg., R.S., ch. 1186, § 1, 2001 Tex. Gen. Laws 2656, 2660 (current version at TEX. TRANSP. CODE § 460.103(b)) (coordinated county transportation authorities).

Act of May 20, 2003, 78th Leg., R.S., ch. 1277, § 1, 2003 Tex. Gen. Laws 4454, 4463 (current version at TEX. SPEC. DIST. CODE § 1002.109) (Angleton–Danbury Hospital District of Brazoria County).

Act of May 20, 2003, 78th Leg., R.S., ch. 1277, § 1, 2003 Tex. Gen. Laws 4454, 4470 (current version at TEX. SPEC. DIST. CODE § 1003.110) (Booker Hospital District).

Act of May 20, 2003, 78th Leg., R.S., ch. 1277, § 1, 2003 Tex. Gen. Laws 4454, 4478 (current version at TEX. SPEC. DIST. CODE § 3001.120(a)) (Southeast Texas Agricultural Development District).

Act of May 20, 2003, 78th Leg., R.S., ch. 1277, § 1, 2003 Tex. Gen. Laws 4454, 4485 (current version at TEX. SPEC. DIST. CODE § 3501.102(b)(1)) (Lubbock Reese Redevelopment Authority).

Act of May 20, 2003, 78th Leg., R.S., ch. 1277, § 1, 2003 Tex. Gen. Laws 4454, 4488 (current version at TEX. SPEC. DIST. CODE § 3502.102(1)) (Westworth Village–White Settlement Redevelopment Authority).

Act of May 20, 2003, 78th Leg., R.S., ch. 1277, § 1, 2003 Tex. Gen. Laws 4454, 4639 (current version at TEX. SPEC. DIST. CODE § 9501.004) (Seawall Commission in Matagorda County).

Act of May 28, 2003, 78th Leg., R.S., ch. 981, § 1, 2003 Tex. Gen. Laws 2865, 2865 (current version at TEX. LOC. GOV'T CODE § 335.005) (sports and community venue districts).

Act of May 28, 2003, 78th Leg., R.S., ch. 996, § 1, 2003 Tex. Gen. Laws 2901, 2910 (current version at TEX. WATER CODE § 222.004(k)) (Lower Colorado River Authority).

Act of May 29, 2003, 78th Leg., R.S., ch. 1203, § 2, 2003 Tex. Gen. Laws 3418, 3418 (current version at TEX. LOC. GOV'T CODE § 262.007(a)) (county purchasing and contracting authorities).

Act of May 31, 2003, 78th Leg., R.S., ch. 1235, § 1, 2003 Tex. Gen. Laws 3494, 3497 (current version at TEX. LOC. GOV'T CODE § 327.161(a)) (zoo boards).

Act of June 2, 2003, 78th Leg., R.S., ch. 1325, § 2.01, 2003 Tex. Gen. Laws 4884, 4898 (TEX. TRANSP. CODE § 370.033(d)) (regional mobility authorities).

Act of May 13, 2005, 79th Leg., R.S., ch. 238, § 7, 2005 Tex. Gen. Laws 419, 422 (current version at TEX. SPECIAL DIST. LOC. LAWS CODE § 8801.105) (Harris–Galveston Coastal Subsidence District).

Act of May 24, 2005, 79th Leg., R.S., ch. 641, § 2, 2005 Tex. Gen. Laws 1597, 1606 (current version at TEX. EDUC. CODE § 53A.13) (higher education facility authorities for private schools).

Act of May 25, 2005, 79th Leg., R.S., ch. 1007, § 1.01, 2005 Tex. Gen. Laws 3375, 3379 (current version at TEX. FAM. CODE § 60.010(IV)(14) (Interstate Compact for Juveniles)).

Act of May 25, 2005, 79th Leg., R.S., ch. 1132, § 1, 2005 Tex. Gen. Laws 3739, 3742 (current version at TEX. INS. CODE § 5001.002(IV)(7)) (Interstate Insurance Product Regulation Commission).

Act of May 26, 2005, 79th Leg., R.S., ch. 883, § 2, 2005 Tex. Gen. Laws 2984, 2989 (current version at TEX. LOC. GOV'T CODE § 336.158(a)) (multi-jurisdictional library districts).

Act of May 27, 2005, 79th Leg., R.S., ch. 1367, § 1, 2005 Tex. Gen. Laws 4307, 4310 (current version at TEX. HEALTH & SAFETY CODE § 288.107) (county health care funding districts).

Act of May 1, 1987, 70th Leg., R.S., ch. 149, § 1, 1987 Tex. Gen. Laws 707, 1265 (codified at TEX. LOC. GOV'T CODE § 421.023(h)), *amended to include "sue and be sued" language by* Act of May 26, 1989, 71st Leg., R.S., ch. 329, § 3, 1989 Tex. Gen. Laws 1296, 1297, *repealed by* Act of May 20, 2003, 78th Leg., R.S., ch. 1277, § 6(22), 2003 Tex. Gen. Laws 4454, 4654 (current version at TEX. SPEC. DIST. CODE § 9501.004) (Seawall Commission in Matagorda County).

Act of May 18, 1989, 71st Leg., R.S., ch. 678, § 1, 1989 Tex. Gen. Laws 2230, 2361–62, *amended to include "sue and be sued" language by* Act of May 23, 1991, ch. 476, § 3, 1991 Tex. Gen. Laws 1702, 1703 (current version at TEX. HEALTH & SAFETY CODE § 121.043(c)) (public health districts).